CARL LANGENBACH *vs.* HESTER SCHELL.

A married woman borrowed money to pay for improvements on real estate owned by her in fee, in which her husband had a life interest, and gave her promissory note therefor. Held that, under the statute of 1869, she was liable on the note, and that an action against her alone could be maintained upon it by a holder of the note.

ASSUMPSIT against the defendant, a married woman, on a promissory note given by her; brought to the Superior Court in Litchfield County, and tried on the general issue closed to the court. The court made a finding of the facts and reserved the case for the advice of this court. The facts are sufficiently stated in the opinion.

*Graves* and *Northrop*, for the plaintiff.

*Foster*, for the defendant.

FOSTER, J. It appears from the finding that the defendant, who is a married woman, in the month of February, 1870, purchased of one Adolph Libko a certain farm situated in the town of New Hartford, with a mill, dwelling-house, and other buildings thereon, and paid for the same with her own individual property and funds. The premises were not conveyed

to her as her sole and separate estate, and her husband has in them a life interest. The farm and mill required improvements and repairs; and to make and pay for the same, the defendant made her promissory note for $637.50, on the 7th of April, 1870, payable four months after date, to the order of H. S. Schell, who was her husband. Before the maturity of the note he indorsed and delivered the same to Libko, who advanced to the defendant the amount of the note, taking from her a certificate, stating that the money was to be used for her benefit, in improving the farm and mill which she had purchased. That note was not paid at maturity, and the note now in suit was given to take it up. At the time of giving this note, February 8th, 1871, the defendant signed a certificate stating that it was given to Libko for money borrowed of him to pay the expenses and repairs on her mill, and that it was for a just and honorable debt due from her to Libko. The note was indorsed in blank by the payee and by Libko. The plaintiff was the holder and owner of the note when it became due, and has ever since so continued; having received it from Libko before maturity, together with an assignment of his claim for the original indebtedness, for a valuable consideration, in the usual course of business. The money received from Libko was used for making the repairs and improvements specified, which cost something over said amount; the excess was paid by the defendant's husband, who has also paid the ordinary expenses incurred in carrying on the premises. He manages the same, except for about one-third of the time, when he is absent, and the defendant herself then has such oversight and management as may be necessary.

What judgment shall be rendered on these facts, is the question reserved by the Superior Court for the advice of this court.

We think the plaintiff is clearly entitled to recover. It is manifestly just and right that the defendant should pay this note. The claims urged on the part of the defendant are mostly of a technical character, and are not entitled to especial favor. The personal rights of married women have in

late years been much extended, and it seems unjust to increase rights without a corresponding increase of liabilities. Since the statute of 1869 there can be no doubt of the legal liability of a married woman in cases of this description. That statute covers the case in whatever aspect it may be viewed.

The Superior Court is advised to render judgment for the plaintiff.

In this opinion the other judges concurred.