Hitchcock v. Kiely.

| 41 | 611 |
| 59 | 133 |
| 41 | 611 |
| 62 | 409 |
| 62 | 452 |
| 41 | 611 |
| 65 | 73 |
| 41 | 611 |
| 72 | 722 |
| 41 | 611 |
| 73 | 701 |
| 41 | 611 |
| 75 | 667 |

JOHN HITCHCOCK AND ANOTHER *vs.* MICHAEL KIELY AND WIFE.

*K* purchased a piece of land for $360 and had it conveyed to his wife. A part of the price was paid from moneys deposited in his own name in a savings bank, such moneys being in part his own earnings and in part those of his wife, and the rest was paid from other money of his own. The land was purchased to build a house upon, and *K* immediately after made a contract with the petitioners to erect a house worth $1,600, and represented to them that he owned the land, his wife assenting to all his acts. The petitioners erected the building, relying upon his ownership of the land, and the security of a lien which they filed. When the house was completed *K* went into possession, but refused to pay the petitioners, and resisted their claim of lien on the ground that the property belonged to the wife. Upon a petition to foreclose the lien it was held—1. That the money drawn from the savings bank was in law the money of *K*, and that he therefore paid for the land.—2. That the taking of the conveyance to his wife was equivalent to a voluntary conveyance.—3. That the facts showed an intent to defraud the petitioners in taking the title to the wife and that the conveyance was therefore void as against them.—4. That a decree of foreclosure should be granted against *K* and his wife, including interest on the debt from the time it became due.

Where a conveyance is fraudulent in fact it will be set aside in favor of creditors, whether the grantee participate in the fraud or not.

The contract of a married woman for the benefit of her estate is valid in equity, although not made in such circumstances or in such form as to be valid at law; and her property thus benefitted will be liable for the debt created by the contract.

BILL to foreclose a builders' lien; brought to the Superior Court in New Haven County, and heard before *Hitchcock, J.* Decree passed for petitioners, and motion in error by respondents. The case is sufficiently stated in the opinion.

*O'Neill*, for the plaintiffs in error.

*S. E. Baldwin*, with whom was *H. C. Baldwin*, for the defendants in error.

CARPENTER, J. It is claimed that the judgment in this case is erroneous, and three alleged errors are assigned.

1. That the court erred in deciding that a married woman, owning property, not to her sole and separate use, carrying on no trade or business, not having promised in writing, and not having been abandoned by her husband, could make a contract binding in equity upon her or her property.

In *Donovan's Appeal from Probate* (*ante,* page 551,) we decided this point, and held that the contract of a married woman, made under similar circumstances, and for the benefit of her estate, was valid in equity, and that her property thus benefitted was liable for the debt thereby created.

The reasons there given are applicable to this case and need not here be repeated.

This point would be conclusive in favor of the judgment, except as to the question of interest, if it distinctly appeared from the record that Mrs. Kiely, one of the respondents, made a contract with the petitioners, either alone or jointly with her husband. But as that fact is not expressly found, we will proceed to consider the next question in the case, which is, in substance—

2. Whether, upon the facts stated, a court of equity will enforce the payment of the petitioners' claim from the property in question.

Mr. Kiely purchased the land and paid for it partly with money earned by himself and wife, and deposited in a savings bank in his own name, and the balance with money exclusively his own. The money taken from the savings bank was, in contemplation of law, and in respect to the rights of creditors, his own. *Hinman* v. *Parkis,* 33 Conn., 188. The land therefore was paid for by him, and the deed was taken in the name of the wife. The transaction was equivalent to a voluntary conveyance. Such a conveyance is clearly void as against existing creditors, and subsequent creditors also where there is an intent to defraud them. We think this conveyance must be regarded not only as voluntary but fraudulent in fact, and with intent to defraud the petitioners. The husband purchased the property with the design of having a house built upon it, to be occupied by himself and family, and the deed was given to his wife with that object in view by both of them. He thereupon made a contract with the petitioners in his own name for the erection of the house, and to induce them to make the contract he falsely and fraudulently represented to them that he was the absolute owner of the lot.

Hitchcock *v.* Kiely.

After the completion of the house he took possession, but refused to pay, and now seeks to avoid payment on the ground that the title to the property is in the wife and not in himself. He is irresponsible, and, if successful in his present claim, the inevitable result will be that the · petitioners will be defrauded of a just demand. These facts clearly evince a fraudulent intent on his part.

The fact that Mrs. Kiely was not a party to the fraudulent representations is immaterial. A voluntary conveyance, fraudulent in fact, will be set aside in favor of creditors, whether the grantee participate in the fraud or not.

Moreover, in this case the grantee is interested in the contract by which the fraud is attempted to be consummated. She not only knew of the contract at the time and assented to it, but it was made by her husband as her duly authorized agent as well as for himself, and was made for her benefit. She also knew that the petitioners were building the house pursuant to the contract, and that her husband had not the pecuniary ability to pay for it, and that the petitioners must lose the amount expended by them unless it could be collected from the property. She is now in possession of the fruits of the fraud, and is insisting that she has an equitable right to retain them.

We think the facts found justify the decree.

3. It is further objected that the petitioners were not entitled to recover interest on the amount of their claim.

In the year 1871 the petitioners furnished materials and performed labor for the respondents to the amount of $1,600 pursuant to a contract stipulating for the payment of cash on the completion of the job. There were no material dealings or cross accounts between the parties, but the case is simply one . in which the stipulated price is detained beyond the agreed time of payment. The respondents not only refused payment but resisted it to the end of the law. It cannot be inequitable to require them to pay interest.

We find no error in this record.

In this opinion the other judges concurred; except PARK,

C. J., who dissented so far as the opinion expressed an approval of the decision in *Donovan's Appeal from Probate.*