46  551
62  409

## HIRAM ADAMS *vs.* JULIA CHARTER.

A married woman purchased a carriage for her own use and upon her personal credit, and gave therefor a note signed jointly by herself and her husband. The husband died soon after. In a suit against her on the note after his death it was held—

1.  That the contract was one which under our present statutes she had power to make.
2.  That the declaration was not insufficient in not alleging that she was a married woman when the note was executed, with the facts necessary to make her liable as a married woman.

ASSUMPSIT on a promissory note signed by the defendant jointly with one George S. Charter; brought to the City Court

of the city of Hartford. The defendant pleaded the general issue, with notice that she should prove that she was a married woman at the time the note was executed, the said George S. Charter being her husband, and that she resided with her husband, and that the articles for which the note was given were not procured for the benefit of herself, her family or her estate. The case was tried to the court before *Bennett, J.,* who found the following facts:—

The plaintiff is a carriage maker, and for several years past has had a carriage repository in the city of Hartford. The defendant at the time of the transaction in question was the wife of George S. Charter of Hartford, with whom she lived until his death on the 31st of August, 1876. On the 6th of June, 1876, the plaintiff sold and delivered to the defendant a carriage and harness, for the sum of $395. These articles were purchased by the defendant upon her personal credit, and ever since the purchase have been, and now are, in her possession. At the time they were delivered the defendant and her husband executed and delivered to the plaintiff in payment therefor the note in suit. The note is as follows:

"$395.                                    HARTFORD, June 6th, 1876.

"One year after date we promise to pay to the order of H. W. Adams, three hundred and ninety-five dollars, with interest at seven per cent., value received.

JULIA A. CHARTER,<br>GEORGE S. CHARTER."

The plaintiff is the owner of the note, and the same has never been paid, except that the defendant, after the note became due, paid him interest thereon from the date of the note to August 6th, 1877.

Upon these facts the defendant claimed, as matter of law, that judgment should be rendered in her favor, but the court overruled the claim, and found her indebted to the plaintiff in the sum of $395, with interest from August 6th, 1877.

And thereupon, and before judgment was rendered, the defendant made a motion in arrest of judgment for the insufficiency of the declaration; but the court overruled the motion and rendered judgment in favor of the plaintiff.

The defendant brought the record before this court by a motion in error.

*A. D. Smith*, for the plaintiff in error.

*A. F. Eggleston*, with whom was *D. L. Aberdein*, for the defendant in error.

GRANGER, J. This is an action upon a promissory note, in which judgment was rendered by the court below for the plaintiff. The defendant filed a motion in arrest of judgment, which was overruled. He now brings the case before this court by a motion in error, and assigns the following grounds of error:

1st. That the coverture of the defendant at the time of executing the note described in the declaration is not alleged, though it is found as a fact in the case.

2d. That it appears that at the time she executed the note the defendant was a married woman, and the ground of her liability as such is not stated.

3d. That at the time of executing the note the defendant was a married woman, living with her husband, and that it does not appear that she had any separate or joint estate, or any estate whatever, nor that the debt was contracted or note executed jointly with her husband for the benefit of her estate, or the benefit of their joint estate, nor that she was a married woman carrying on business and that the contracting of the debt arose therefrom.

All these claims arise under the defendant's motion in arrest, and may be briefly stated thus:—The defendant was a married woman at the time the note was executed, and under the facts found by the court was not liable. This claim cannnot be sustained. There is no law in this state which, being properly construed, will allow a married woman to perpetrate a fraud, or cheat an honest creditor out of his debt. The motion in arrest was properly overruled. The declaration upon its face clearly shows a good cause of action. The defendant is not sued as a married woman, but as a feme sole, and is such so far as appears upon the face of

the writ and declaration. The plaintiff was not bound to set out the fact of coverture. If the defendant desired to take advantage of her disability to make the contract set out, she ought to have pleaded it. She has in her notice set up the circumstances under which she executed the note, and that she was a married woman living with her husband, and she has had all the benefit of the facts set up in the same manner as she would have had if she had set them up by a special plea. The court has found the facts, except that of coverture, adversely to the defendant's claim; and it appears from the facts so found that the note was given for a carriage and other articles sold and delivered by the plaintiff to the defendant upon her personal credit, and that ever since the purchase these articles have been and now are in her possession. George S. Charter, her husband, died August 31st, 1876. The note fell due June 6th, 1877, and after it fell due she paid the interest thereon up to August 6th, 1877. This was a recognition of her duty and obligation to pay, after her disability as a married woman, whatever it might have been, had become entirely removed. But it is not necessary to consider the effect of this recognition, unless without it her contract would have been of no validity. Did then her coverture at the time the contract was made render it void as to her? We think it did not, and that under the facts found the contract was not voidable.

The case comes within the principle of *Donovan's Appeal from Probate*, 41 Conn., 551, and the cases therein cited, and the reasoning in that case applies forcibly to this.

But we think the case is clearly within the statute (Gen. Statutes, p. 417, secs. 9 and 10). The contract was made upon her personal credit. The court finds this as a fact. For whose benefit was it made? Clearly for her own. The property, a carriage and harness, went immediately into her sole possession, and so continued up to the time of trial. The defendant then has had the full benefit of the property. It has become and now is her sole and absolute estate; and shall she be permitted by any construction of law or equity to hold it without payment? It would be a reproach to the law and

to good morals to establish any such doctrine as an affirmative answer to this question would involve.

There is no error in the judgment of the City Court.

In this opinion the other judges concurred; except LOOMIS, J., who dissented.