EDWIN TOLLES'S APPEAL FROM COMMISSIONERS.

Hartford Dist., Oct. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

Upon the presentation of claims to commissioners on insolvent estates, it is only necessary that the claim should be so stated that it can be understood, and no pleadings are necessary. The whole question is whether the claim should be allowed against the estate.

And where an appeal is taken from the doings of the commissioners in allowing or disallowing a claim, the same rule applies. The whole question is still whether the claim should be allowed against the estate.

This being so, either party desiring to have the case set in the jury docket and allowed by statute to have cases so placed upon an issue of fact being closed, is bound to have it so set in the jury docket at the first

term of the court, unless the parties shall afterwards agree or the court order that it shall be so placed.

An assignment of property under seal by a debtor to a creditor to be disposed of by the latter and the proceeds to be applied in payment of a certain debt owed the assignee, and the balance to be paid to the debtor, does not constitute an obligation on the part of the debtor on which a suit can be sustained for the recovery of the debt stated.

The admission of the indebtedness stated in the assignment may operate to save the claim from the running of the statute of limitations against it, but as such admission it can have no greater effect of any kind by reason of its being under seal.

[Argued October 7th,—decided November 30th, 1886.]

APPEAL from the doings of commissioners upon the insolvent estate of Edwin M. House, deceased, in disallowing a claim presented against the estate by the appellant as assignee of Milo W. Pember; brought to the Superior Court in Hartford County, and heard before *Andrews, J.* Facts found and judgment rendered for the appellee, and appeal by the original appellant. The case is sufficiently stated in the opinion.

*W. F. Henney*, for the appellant.

*G. G. Sill*, for the appellee.

GRANGER, J. This is an appeal from the doings of commissioners on the insolvent estate of Edwin M. House, deceased, in disallowing a claim presented against the estate by the appellant.

The appeal came into the Superior Court for Hartford County at its October term, 1885, and at that term the appellant filed, as his reason of appeal, the statement that the commissioners had disallowed his claim and that it should have been allowed. At the January term, 1886, an order was made that the appellant file a bill of particulars on or before the first Tuesday of April. The bill of particulars was filed within the time limited, and consisted of a claim of $680, upon an instrument under seal, executed by the deceased in his·lifetime to one Pember, and by Pember assigned during the lifetime of the deceased to the appellant;

with a further statement of the same amount due on an account stated.

The appellee during the same term filed a defense, first, denying that the claim ought to be allowed against the estate, and, secondly, stating that it did not accrue within six years before the death of the deceased. The appellant at the same term filed a reply to the appellee's second defense, alleging, first, that the instrument in question, which contained the account stated, was under seal; and, secondly, that the deceased, within six years before his death, paid the sum of six dollars to be applied on the claim. The appellee in his rejoinder, filed at the same term, denied the truth of both the above replies.

On the same day that the appellee filed his denial of the appellant's reply, the appellant moved that the cause be entered on the jury docket; which motion the court denied. And this ruling of the court is made the first ground of error.

The appellant claims that he was entitled to an entry of the case in the jury docket at the time his motion was made, under the following provision of the Practice Act:—" The following named classes of cases shall be entered on the jury docket, at the request of either party, made to the clerk during the first term, to wit: * * * appeals from the doings of commissioners on insolvent estates. * * * Where, in any of the above named classes of cases, an issue of fact is joined after the first term, the case may, within three weeks from such joinder, be entered in the jury docket for the trial of such issue upon request of either party made to the clerk; and any of such cases may at any time be entered in the jury docket by consent of both parties or by order of the court." Practice Act, sec. 22.

We have never adopted the practice, which prevails in some of the other states, of requiring the appellant from the rejection of a claim presented by him against an insolvent estate to file a statement, like a declaration at common law, setting out his claim in the same manner as in an ordinary declaration in a suit at law. Where such a declaration is

filed it opens the way for all the pleadings in an ordinary suit. It presents the claim in such a form that the declaration could be demurred to. Under our practice a claim is presented to the commissioners on an insolvent estate in such form that it can be understood what it is, but not in such form as to call for and hardly to admit of any pleadings before the commissioners. The single issue before them is, whether the claim ought to be allowed against the estate. *Mills* v. *Wildman*, 18 Conn., 124, *American Board of Commissioners' Appeal from Probate*, 27 id., 344; *Mead's Appeal from Probate*, 46 id., 417.

An appeal from the allowance or the disallowance of a claim by the commissioners carries the case into the appellate court precisely as it stood before the commissioners. The question there is, as before, whether the claim is one that should be allowed against the estate. The object is not to get a judgment upon the claim, but to get a dividend from the estate. The party appearing and making defense against the claim is generally not the original debtor, who, even if living, may be taking no further interest in the matter, but the administrator or trustee in insolvency. And it will be readily seen that many questions may arise with regard to the liability of the estate to pay the claim which could not arise in an action at law upon such a claim. For instance, the claim may not have been presented in due season against the estate, or it may not have been presented in such a form as to cover the claim made on the appeal. The relation of the claim to the estate is as essential an element of the case as its intrinsic character and merits.

An appeal from commissioners is a different thing from an appeal from a decree of a court of probate. In the latter case the decree stands until reversed, and the appellate court, in acting upon the matter, is exercising probate powers. Commissioners are a common law tribunal, exercising no probate powers, but the law and equity powers of ordinary tribunals. An appeal from their doings carries up the whole subject of the appeal, and the appellate court in acting upon the matter is exercising only its ordinary law

and equity powers. On such an appeal there is no proprie-
ty in the appellant filing any reason of appeal. If the claim
as presented to the commissioners does not show with suffi-
cient definiteness what it is, the other party can move for a
bill of particulars; but this bill of particulars does not be-
come itself the ground of any new or different pleadings.
The appellee in the present case filed as one of his defenses
merely the averment that the claim ought not to be allow-
ed against the estate. This is the natural general issue in
such appeals, and the law pre-supposes and implies it in every
case.

The case thus standing upon a presumed issue of fact,
either party desiring that it be placed in the jury docket
should make his application for that purpose at the first
term of the court. After that term the matter rests, as in
other cases, upon the agreement of the parties or the order
of the court.

We do not intend to say that any formal pleadings that
the parties may file will be regarded as irregular and inad-
missible, but that no such pleadings are necessary, and that
an issue of fact raised upon them is not to be regarded as
such a new issue as to revive the right of either party to
put the case on the jury docket. Nor do we intend to say
that if a claim should be so presented as to be open at once
to a demurrer and a demurrer should be filed, the case must
on such an issue be put at once on the jury docket before
the issue of law is decided. We only decide that in a case
which, like the present, is so presented as to necessitate an
issue only of fact, the party who desires a jury trial is bound
at the first term to have the case put on the jury docket.

The appellant offered in evidence the following docu-
ment, executed by Edwin M. House, the deceased, under
seal, and delivered to Pember, the assignor of the appellant:—

"Know all men by these presents, that whereas I, Edwin
M. House, am justly indebted to Milo W. Pember, in the
sum of six hundred and eighty dollars, and am desirous to
secure the payment thereof with lawful interest:—Now
therefore I, the said Edwin M. House, in consideration of

the premises and for the purposes aforesaid, and in further consideration of one dollar to me in hand paid by said Pember, receipt whereof is hereby acknowledged, and in further consideration of the uses and trusts hereinafter conferred upon and assumed by said Pember, do hereby give, grant, sell, convey, transfer and assign to said Pember all my real and personal estate, debts, demands, claims and choses in action of every kind whatsoever and wheresoever the same may be situated. To have and to hold the same to him the said Pember, in trust for the purposes following, viz.:—To be held, managed and disposed of in such ways as without unnecessary sacrifice and with reasonable dispatch to raise the sum of $680 aforesaid with lawful interest, to be retained by said Pember in satisfaction of my indebtedness to him, and to reimburse himself for any sums he may at any time have paid at my request, and to render his account of his doings under this trust, and to assign back to me all the rest and residue of said estate, real and personal, debts, demands, claims and choses in action hereby conveyed to said Pember, which shall remain in his hands after he has been paid said sum of $680 with the interest thereon, and after said indebtedness to said Pember has been satisfied. In witness whereof I have hereunto set my hand and seal, this 16th day of July, 1878. EDWIN M. HOUSE, [L. S.] "

The appellant claimed that this document constituted a covenant on the part of House to pay to Pember the $680 named in it, or at least might be treated as an account stated between them of an indebtedness of that amount.

It is found that Pember never took possession of, or in any way appropriated any of the property mentioned in the document.

It is very clear that this document was intended to be only a bill of sale of the property mentioned in it, and not an obligation on the part of House to pay the $680. It clearly creates no such obligation.

The appellant also claimed that this document, being under seal, was to be regarded not only as an acknowledgment of the indebtedness of House for $680, but that, by

Wm. Rogers Mfg. Co. v. Simpson.

reason of being under seal, it stood as such acknowledgment for the term of seventeen years instead of only six, as in the case of an ordinary acknowledgment. But it is very clear that no such effect can be given to the document. If it is to be regarded as an acknowledgment of a pre-existing indebtedness it could have no more effect than any other form of acknowledgment by reason of its being under seal. If it were an obligation under seal it could of course be enforced as such for the ordinary term of such obligations, but as a mere acknowledgment of a debt for the purpose of saving it from the operation of the statute of limitations, it can have no additional effect from the fact that it is under seal.

There is no error in the judgment complained of.

In this opinion the other judges concurred.