Barnard, P. J.
This is an action brought upon a note given by the defendant to the plaintiff. The defendant is *609 a married woman and was when the note was given. Although the case is a very voluminous one, the material facts are brief. -The defendant’s husband was a manufacturer of leather belting in the state of Connecticut, in partnership with her brother. The defendant had a separate estate, and had previous to the fall of 1879 loaned money to the firm and had become security for it. In 1879, about midsummer, the Tolland Bank and the Tolland Insurance Company, each of which corporations held obligations against this firm were pressing them for collection. The defendant made a compromise with them for thirty cents on the dollar of a certain portion and for a payment in full of the remainder of these several claims..
The plaintiff bank agreed to advance sufficient money to carry out the arrangement, and the defendant agreed to give her note to the plaintiff therefor, and to take the title to the claims of the Tolland companies. The plaintiff at the time had a $2,000 note given by the belting firm, and it was part of the arrangement that the defendant was also to buy that paper. The transaction was carried out. The plaintiff advanced $9,979.73, and transferred to the defendant the $2,000 note, and she gave the plaintiff her note for $11,979.07. The note contained a statement that the note was given for the benefit of the separate estate of the wife. The contract is a Connecticut contract entirely. It was made there and was to be executed there. The validity of it must be solely determined by the courts of Connecticut. In that state, by statute, a married woman may be sued upon a contract made by her upon her personal credit for the benefit of herself, her family or her estate, the same as if she were a feme sole. Such action, also by statute, may be maintained upon contract made by the wife upon her personal credit for the benefit of herself, her family or her separate or joint estate. Chapter 61 (laws of Connecticut), 1878, page 300. By the decision of the state of Connecticut, a note given by a married woman in consideration of property sold to her, ‘ ‘ is clearly within the statute.” By the contract the wife became possessed of property which was her separate estate. Adams v. Charter, 46 Conn., 551.
A separate estate, it maybe, was created thereby, and how can it with propriety be said that it did not benefit such estate? Under the Connecticut statute and decisions the note was valid against the defendant. The argument, based upon a view of the evidence which is drawn from the circumstances which go to show that the wife was really a surety to the firm, cannot be considered to be destructive to this note if that view is taken. The firm was in difficulties, but *610 had hopes of the future if the load of indebtedness could be-removed. The wife of one of the partners shared in these hopes, and agreed to borrow money of the plaintiff for the purpose of buying up their debts. As well, have a separate estate in notes of her husband and his firm as in any other firm so far as it affected the legal principle involved. There are numerous exceptions, but if the view of the case taken is correct, they all fall to the ground.
The judgment should be affirmed, with costs.
Dvkman and Pratt, JJ., concur.