JOSEPH CORR'S APPEAL FROM COMMISSIONERS.

Hartford Dist., Oct. T., 1892.  ANDREWS, C. J., CARPENTER, SEYMOUR,
TORRANCE and PRENTICE, Js.

*T* bought with his own money a piece of real estate for $1,700, and had it
conveyed to his wife, on her promise to convey it to him whenever he
requested.  This obligation the wife always admitted and finally agreed
that if she died without having conveyed it he should be paid $1,700
out of her estate.  She died without having made the conveyance
and he presented a claim to the commissioners on her estate for $1,700.
Held that the contract was a valid one and could be enforced against
the wife's estate.

Where one buys real estate with his own money and has it conveyed to
another, the case becomes (in the absence of a presumption of a gift,
which may always be rebutted,) one of a resulting trust in favor of the
party paying the money.

And this trust may be proved by parol without offending against the stat-
ute of frauds.

And the nature of the trust which the law implies from the circumstances
is not changed by the fact that the parties have made an agreement
between themselves as to the property which is identical with the one
which the law imputes to them.

The statute of limitations runs against a resulting trust on the ground
that the holding of the title is adverse to the right of the *cestui que
trust.*

But it does not run against the resulting trust where the trustee has at all
times admitted the right of the *cestui que trust.*

Commissioners on an estate are an equitable as well as legal tribunal, and
it is their duty to allow any claim presented to them which can be sup-
ported either at law or in equity.  And the duty of the Superior Court
is the same on an appeal from them.

The claim in the present case was presented to the commissioners simply as
an indebtedness "to cash $1,700," and so stood in the Superior Court
on the appeal.  Held to be sufficient in form.  (The appeal was taken
before the adoption of the rule, 58 Conn., 588, which requires a fuller
statement of the claim in the appellate court.)

[Argued October 5th—decided December 10th, 1892.]

APPEAL from the allowance by the commissioners on the
estate of Ellen Keefe of a claim in favor of Timothy Keefe;
taken to the Superior Court in Litchfield County, and tried
to the jury before *Robinson, J.*  Verdict for the appellee

and appeal by the original appellant for error in the rulings and charge of the court.

*C. G. Root,* for the appellant.

1. The appellee did not properly present his claim to the administrator of Mrs. Keefe's estate. He simply delivered to him a paper containing the following statement: "Ellen Keefe to Timothy Keefe, Dr. To cash, $1,700." Afterwards the estate was represented insolvent, and the administrator delivered this paper to the commissioners, and it appeared in the Superior Court as the statement of the appellee's claim. Of course no further pleadings were necessary in that court, as the recently adopted rule was not then applicable to such actions. The question then is, was this an intelligible statement of Keefe's claim to the administrator. Was the administrator made to comprehend the time and character of the transaction out of which this large demand grew? The law requires no particular form in the presentation of claims, but it must appear that the claimant has apprised the administrator of such facts as will enable him to understand the nature of the claim, when it originated, and the transaction out of which it arose. *Pike* v. *Thorp,* 44 Conn., 450 ; *Hammett* v. *Starkweather,* 47 id., 439.

2. The court stated in its charge that this money demand arose out of a failure of the wife to convey three or four years prior to her death upon the request of the appellee. But there was no legal demand to convey. It was his duty to procure a deed, present it to his wife and request her to execute it.

3. If the circumstances of this case bring it within the recent cases of *Ward* v. *Ward,* 59 Conn., 188, and *Hauseman* v. *Burnham,* 59 Conn., 133, there was nothing more than an implied trust, and statutes of limitation run against implied trusts. *Wilmerding* v. *Russ,* 33 Conn., 67. The deed to Mrs. Keefe was made in 1871, and if the statute applies, there has been nothing to take it out of its operation. It was not an express trust, as the court says in *Ward* v.

*Ward*, and the evidence of the promise to convey was merely admissible to remove the *primâ facie* inference that it was a gift. If then it was an implied trust, and the appellee had his right of action immediately to compel a conveyance, it would appear that a neglect of eighteen years should debar him from recovery. If he claims that the promise to pay $1,700, made four or five weeks prior to her death, constitutes his demand, he is asking that a barred claim be accepted as the consideration for this promise, which is simply an effort to remove the statutory bar by parol evidence. It is said that as the agreement of Mrs. Keefe was to convey upon demand, there must therefore have been a demand before the appellee had his right of action, but if our claim is correct this evidence if admitted would create an express trust and this court has never admitted it for that purpose. It is a familiar rule that courts of equity will apply statutes of limitation. *Phelan* v. *Clark*, 19 Conn., 435; *Budington* v. *Munson*, 33 id., 481.

*S. A. Herman*, for the appellee.

ANDREWS, C. J. This is an appeal from the doings of the commissioners on the estate of Ellen Keefe, late of Plymouth, in allowing a claim in favor of Timothy Keefe to the amount of $1,700. The cause was tried by a jury in the Superior Court, who returned a verdict for the same amount in favor of the appellee. The facts which appeared upon the trial and which are found by the verdict are briefly these :—Timothy Keefe and Ellen Keefe were married April 5th, 1853, and always lived together as husband and wife until her death. They never had any children. In 1871 Timothy bought a house and lot in Plymouth and paid therefor with his own money the sum of $1,700. The deed was taken in the name of Ellen Keefe upon an agreement then. made between Ellen and Timothy that she would execute such papers as were necessary to convey the title to him whenever he should request her to do so. During her whole life Ellen recognized and admitted the ownership

of the land by Timothy and her promise to convey to him. Three or four years before her death Timothy spoke to her about making the necessary papers to place the title in him. A few weeks before her death he spoke to her again, and she promised to execute the same as soon as she was able to go to a place where such paper could be prepared. At that time it was stated and agreed between her and her husband that if she died without having executed such papers as would place the real estate in his name, he should be paid the sum of $1,700 out of the estate that should be left in her name at the time of her death. Ellen died intestate on the 15th of February, 1889, having never executed any deed or other instrument to convey the real estate to Timothy.

This claim is for the $1,700 which by the agreement last mentioned Ellen promised should be paid to Timothy. It also appeared that there were no other debts than this one against the estate of the said Ellen. Joseph Corr, the appellant, is a nephew of Ellen Keefe and one of her heirs at law. Many reasons of appeal are assigned, but it is unnecessary to go over them in detail. They may all be considered in reference to one question:—Was the promise so made by Ellen one that can be enforced either in law or in equity? If so then the verdict is right. If otherwise then there is error and the judgment should be reversed.

The case was tried in the Superior Court upon the statement of the claim as it was presented to and allowed by the commissioners. It was simply a claim of indebtedness "to cash, $1,700." After the jury had been impaneled the appellant objected to the form of the statement on the ground that it was not a proper legal presentation of a claim against the estate of the deceased. The court overruled the objection. The ruling of the court would be sustained on the ground that the objection came too late. But had the same objection been made seasonably we think it was not tenable. The appellant might have moved for a more specific statement of the claim if he was in any doubt or ignorance in respect to the circumstances out of which

it arose. The claim as presented was legal, and proper enough as to form.

Prior to the present rule (58 Conn., 588,) requiring "a statement of the amount and nature of the claim and of the facts upon which it is based" to be filed in all cases of appeal from the doings of commissioners on an insolvent estate in allowing or disallowing a claim, it was only necessary that the claim should be so stated that it could be understood.* The whole question before the commissioners and before the Superior Court upon the appeal was whether the claim was one which should be allowed against the estate. *Tolles's Appeal from Commissioners*, 54 Conn., 521; *Mead's Appeal from Probate*, 46 Conn., 417; *American Board of Commissioners' Appeal from Probate*, 27 Conn., 344; *Mills* v. *Wildman*, 18 Conn., 124.

All the other reasons of appeal are based upon requests made to the court for instructions to the jury, and on the instructions actually given, and may all be referred to one of these inquiries:—Was the promise barred by the statute of limitations? Was it without consideration? Was it one which the law does not recognize? As the precise promise on which the appellee seeks to recover was made not more than three or four years before the death of the intestate, it could not be affected by the statute of limitations. In considering the second inquiry, however, that statute does have an important bearing.

When a man buys real estate with his own money and has it conveyed to his wife or other near relative, *primâ facie* a gift is presumed. But this is a presumption of fact rather than one of law and may always be rebutted. *Hart* v. *Chase*, 46 Conn., 207; *Ward* v. *Ward*, 59 Conn., 188. When the presumption is rebutted the case becomes one of a re-

---

*This rule, which requires the claimant, on his appeal from the disallowance of his claim by the commissioners and on the appeal of any other party interested from its allowance, to file within ten days after the return day of the appeal "a statement of the amount and nature of his claim and of the facts upon which it was based," was adopted by the judges in June, 1890. The appeal in this case was taken December 18th, 1889, and was therefore not affected by the rule.

sulting trust in favor of the party paying the money. Such a trust may be proved by parol without offending against the statute of frauds. Pomeroy's Equity, § 1040. And the nature of the trust which the law implies from the circumstances is not changed because the parties have actually made an agreement between themselves respecting the real estate, precisely identical with the one which the law imputes to them. *Booth's Appeal from Probate*, 35 Conn., 165; *Barrows* v. *Bohan*, 41 Conn., 278. That the relation existing between Ellen Keefe and her husband was, apart from the statute of limitations, a good consideration for her promise that he should be paid the $1,700, is admitted by the appellants.

It is true that the statute of limitations runs against a resulting trust on the ground that the holding of the title in such case is adverse to the right of the true owner. Perry on Trusts, § 865; *Wilmerding* v. *Russ*, 33 Conn., 67. So far as is indicated by the mere lapse of time the statute had completely run in this case. But that statute does not cancel the duty of the trustee. It only suspends the remedy. *Belknap* v. *Gleason*, 11 Conn., 160. An acknowledgment waives such suspension, and does nothing more; so that the duty which existed before continues in force. The acknowledgment does not create any new duty of the trustee, nor confer any new right on the beneficiary. Wood on Limitations, § 219.

In the present case the existence of the trust has at all times been acknowledged. The trustee has at all times admitted the right of the *cestui que trust.* As the reason has failed so the rule has failed. There has been no adverse holding. The appellant can have no greater right than Mrs. Keefe. He claims in her right. He certainly cannot maintain that she held adversely to a title which she at all times admitted. It is clear that there was a resulting trust in favor of the appellee unaffected by the statute of limitations.

The agreement made by Ellen Keefe shortly before her death was that she would convey the title of the real estate

to her husband, or that if she did not so convey he should be paid $1,700 out of her estate. She failed to convey. The alternative agreement then becomes binding. It was in effect a purchase by her of the land for the price of $1,700. The land had been conveyed to her. She has not paid the price. Can her husband now recover it out of her estate? This is the only remaining question.

Commissioners on an estate are an equitable as well as a law tribunal, and it is their duty to allow any claim presented to them which can be supported either at law or in equity. *Brown* v. *Slater*, 16 Conn., 192; *Litchfield's Appeal from Probate*, 28 Conn., 137. Such is the duty of the Superior Court upon an appeal from the doings of commissioners. *Collins* v. *Tillou*, 26 Conn., 368; *Tolles's Appeal from Probate*, 54 Conn., 521; *Spitz's Appeal from Commissioners*, 56 Conn., 184.

In equity contracts made directly between husband and wife, if *bonâ fide* and on good consideration, may be enforced by the wife against her husband or by the husband against his wife. 2 Story Eq. Jur., § 1372; *Livingston* v. *Livingston*, 2 Johns. Ch., 537; *Jones* v. *Clifton*, 101 U. S. R., 225.

Since the enactment of our statute, § 984 of the General Statutes, a married woman is liable at law upon contracts made by her upon her own credit or for the benefit of her joint or separate estate. As on her note given for the purchase of real estate in which her husband has a life interest. *Langenback* v. *Schell*, 40 Conn., 224. Or on her contract for the benefit of estate about to be acquired. *Hart* v. *Goldsmith*, 51 Conn., 479. And on a note given by her for a carriage. *Adams* v. *Charter*, 46 Conn., 551. See also *Hitchcock* v. *Kiely*, 41 Conn., 611; *Donovan's Appeal from Probate*, 41 Conn., 551. And may make such a contract with her husband. *Haussman* v. *Burnham*, 59 Conn., 133.

There is no error in the judgment appealed from.

In this opinion CARPENTER, TORRANCE and PRENTICE, Js., concurred. SEYMOUR, J., concurred in the result, but died before the opinion was written.