ELI L. LESSER vs. ABRAHAM BROWN ET AL.

75　491
75　669

Third Judicial District, New Haven, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Evidence of the declarations of the grantor of property claimed to have
been conveyed in fraud of his creditors, of his intention to defraud
them, made in the presence and hearing of his wife, who became
the ultimate grantee and owner of the property, and her own sub-
sequent admissions that a certain mortgage under which she derived
her title, was fraudulent, is admissible as tending to prove her
knowledge of and participation in the fraud.

Having been called as a witness by the plaintiff, B, the alleged fraud-
ulent grantor, testified that his wife paid him $2,000 for the land
and that he used the money to buy lots in W. Held that the plain-
tiff was not concluded by this statement, but might prove the fact
to be otherwise by any proper evidence ; and that the deeds of
the lots in W, showing that they were purchased before the land
in question was transferred to B's wife, were relevant and admis-
sible for that purpose.

In his testimony the plaintiff, who sought to foreclose a judgment lien,
repeatedly referred to calling upon B and his wife about the pay-
ment of "his bill." There was no evidence of any other bill, or
that the plaintiff did any business with B after September 20th,
1898. Held that under these circumstances this testimony was suf-
ficient to sustain the finding that the judgment upon which the
lien rested was based upon an indebtedness existing on the afore-
said date.

Argued January 20th—decided March 4th, 1903.

ACTION to foreclose a judgment lien, brought to the Court
of Common Pleas in Fairfield County and tried to the court,
*Curtis, J.;* judgment for plaintiff, and appeal by defendant
Lena Brown for alleged errors in the rulings and findings
of the court. *No error.*

The case is sufficiently stated in the opinion.

*John C. Chamberlain* and *Carl Foster*, for the appellant (de-
fendant Lena Brown).

*Stiles Judson, Jr.*, for the appellee (plaintiff).

HALL, J. The plaintiff having on April 19th, 1901, obtained a judgment against Abraham Brown, one of the defendants, and the husband of the defendant Lena Brown, for $230.68. and costs, filed, on the following day, a judgment lien upon three tracts of land which were attached in November, 1900, as the property of said Abraham Brown, in the original action in which such judgment was rendered.

On September 20th, 1898, said Abraham Brown was the owner of said land, and on said day, while owing the plaintiff the debt upon which said judgment was based, and while indebted to other persons, he mortgaged said tracts to his brother Isaac Brown, for the sum of $1,500, which tracts were stated to be subject to certain prior mortgages. On the 26th of April, 1899, said Abraham Brown, by warrantee deed, conveyed said parcels of land to his father Marcus Brown, subject to said $1,500 mortgage, and to said prior mortgages. On August 26th, 1899, said Isaac Brown, at the request of Abraham Brown, released said $1,500 mortgage to Marcus Brown, and on July 25th, 1900, said Marcus Brown, at the request of Abraham Brown, conveyed said tracts to said Lena Brown, by quitclaim deed.

The trial court has found that all of these conveyances were without consideration, and were made in pursuance of a plan for defrauding the creditors of Abraham Brown; that all the parties to said conveyances knowingly participated in such fraud; that during the entire period covered by such transfers, said Abraham Brown and his wife Lena remained in the possession of said real estate, receiving and using the rents therefrom, without accounting to said Marcus Brown therefor, and that at the time of giving said mortgage to his brother Isaac, and thereafter during the period covered by said transfers, Abraham Brown was indebted to the amount of $2,000 beyond his indebtedness secured by mortgage, and owned no other property than that which was so transferred.

Upon these facts the trial court held that the plaintiff was entitled to a foreclosure of the judgment lien upon said land, as the property of Abraham Brown. This decision was clearly right unless the court committed some material error in its

rulings upon questions of evidence, or in finding these facts upon the evidence presented.

Against the defendants' objection, the court permitted the plaintiff and also one B. Klein to testify that before the $1,500 mortgage was given to Isaac Brown, the plaintiff at the request of Lena Brown saw the defendant Abraham Brown, and that, in the presence and hearing of said Lena and said Klein, said Abraham Brown offered to give to the plaintiff, without consideration, a mortgage of $1,200 upon said property, saying that he owed many hundred dollars, that his creditors threatened to attach, and that he wanted to avoid paying them; and that subsequently Lena Brown asked the plaintiff to take the mortgage from Isaac Brown, saying she had no confidence in Isaac, and feared he would defraud them, and that her husband did not owe Isaac anything.

This evidence is not open to the objections suggested by defendants' counsel, that the admissions and declarations of Lena Brown cannot affect her husband or the other defendants, or that the declarations of Abraham Brown, of his intention to defraud his creditors, were made in the absence of the alleged fraudulent grantee, or that proof of an attempt to make a fraudulent transfer to the plaintiff is not evidence that subsequent transfers were fraudulent.

Lena Brown is the only appellant. As none of the other defendants claim any interest in the property transferred, she alone could be injuriously affected by her admissions. As she was the ultimate grantee, her declarations, as well as those of Abraham Brown in her presence and hearing, showing her knowledge of the indebtedness of Abraham Brown, and of his intention to defraud his creditors, and also her declarations showing her knowledge that the mortgage to Isaac Brown, under which she claimed title, was fraudulent, were clearly admissible as tending to prove her participation in the fraud by which the property in question was conveyed to her. *Tibbals* v. *Jacobs*, 31 Conn. 428, 432; *Knower* v. *Cadden Clothing Co.*, 57 id. 202, 221. We think it was for this purpose, rather than to prove a previous attempt to make a fraudulent conveyance of the property, that this evidence was offered and received.

Marcus Brown having testified as a witness for the plaintiff, that Lena Brown paid him $2,000 in cash for the equity in said land, and that he used that money to pay for certain land which he purchased in Waterbury, the plaintiff, before said witness closed his testimony, laid in evidence, against the defendants' objection, certain deeds showing that the land in Waterbury was purchased before the conveyance by Marcus Brown to Lena Brown in July, 1900, of the property in question, and the witness Marcus Brown thereupon testified that he did not know where the money received from Lena Brown went; that he lost it; that he did not know how he lost it.

The evident purpose of the plaintiff was to prove by the testimony of Marcus Brown that the conveyance by him to Lena in July, 1900, was without consideration. The plaintiff was not concluded by the statement of his own witness that he received $2,000 from Lena Brown as the consideration of that deed, but might prove by proper evidence that the fact was different. *Wheeler* v. *Thomas*, 67 Conn. 577, 580; *Waterbury* v. *Waterbury Traction Co.*, 74 id. 152, 169. For the purpose of showing that the witness was mistaken in saying that he received $2,000 from Lena, by compelling her to admit, as he practically did, that he could not have received from her, as he had stated, the money used to purchase the Waterbury lots, and that he was unable to account for the money which he claimed he had received from her, these deeds, having been called to the attention of the witness, were properly admitted in evidence.

Other rulings upon questions of evidence were so manifestly correct as to require no discussion.

The testimony of the plaintiff, that in July and August, 1898, he visited Brown's store to see about his bill, and that after the transfers he visited Brown and his wife to see about this bill, and that throughout his testimony he spoke about his bill, there being no evidence that there had been any other bill, or that plaintiff did any business with Brown after September 20th, 1898, was sufficient to sustain the finding that the judgment sought to be enforced was based upon an in-

debtedness existing on the 20th day of September, 1898, in the absence of any evidence to the contrary.

It is claimed that the trial court erred in finding certain facts upon which its judgment is based, without evidence, and in refusing to find other facts proved by the evidence. This claim is, in effect, that the court erred in finding that the transfers in question were fraudulent, and in not finding that they were made in good faith and upon good considera-tion. The substance of the entire evidence is stated in the additional finding of facts. It would serve no good purpose to discuss it here. Upon an examination of the evidence we are satisfied that the trial court committed no error in find-ing the facts as stated in the finding, and in deciding, upon the evidence, that the transfers in question were made for a fraudulent purpose in which all of the parties thereto know-ingly participated.

There is no error.

In this opinion the other judges concurred.