MARSHALL H. MALLORY ET AL., TRUSTEES, vs. LAW-
RENCE T. GALLAGHER ET UX.

Third Judicial District, Bridgeport, April Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

It is not essential to the setting aside of a conveyance made without
consideration and to defraud existing creditors of the grantor, that
the grantee should have had knowledge of the grantor's fraudulent
purpose; and therefore proof of such knowledge, although not
averred in the complaint, is harmless.

The plaintiffs, creditors of G, sought to foreclose a judgment-lien upon
land the paper and record title to which had been transferred by G
to his wife pending the indebtedness, alleging in their complaint
that such transfer was without consideration and fraudulent as
against them. *Held* that it was not necessary to the validity of a
judgment in favor of the plaintiffs that the complaint should state
accurately and in detail all the acts of G in his attempt to defraud
his creditors by placing the property in question in his wife's name.

Argued April 17th—decided June 10th, 1903.

ACTION to foreclose a judgment-lien, brought to the Su-
perior Court of Fairfield County and tried to the court,
*George W. Wheeler, J.* Judgment for plaintiffs, and appeal
by defendant Helen L. Gallagher. *No error.*

*Stiles Judson, Jr.*, and *Edwin F. Hall*, for the appellant
(defendant).

*John C. Chamberlain*, for the appellees (plaintiffs).

HALL, J. It is alleged in the complaint and admitted by
the answer, that the two tracts of land covered by the lien
sought to be foreclosed were attached in March, 1901, as the
property of the defendant Lawrence T. Gallagher, in a suit
against him by the present plaintiffs; that on the 25th of
October, 1901, the plaintiffs obtained judgment against him
for $2,048.35, and that the certificate of lien was filed Jan-
uary 21st, 1902.

It is also alleged that on the 18th of November, 1899, the defendant Lawrence T. Gallagher, "without consideration, and for the purpose of defrauding his creditors," caused the record title to one of said tracts (hereafter called the James Street lot) to be placed in the name of his wife, Helen L. Gallagher, the other defendant; that on the 10th of April, 1900, "without consideration, and for the purpose of defrauding his creditors," he placed the record title to the other tract (called the Sanford Avenue tract) in his wife's name; that Lawrence T. Gallagher is the actual owner of said property, and that the defendants are in possession of the same. These averments are denied by the answer, except that it is admitted that the record title to said tracts is in the name of Mrs. Gallagher, and that she is in possession of the property.

The complaint asks for a judgment of foreclosure against the defendants, and for possession of the premises.

The judgment finds the issues for the plaintiffs; that the allegations of the complaint are true, and grants the prayer for foreclosure and possession, against both defendants.

The following facts, in substance, are found by the court: On November 18th, 1899, the James Street lot was conveyed to Mrs. Gallagher by one Greenwood, a brother-in-law of her husband, for $600, which money belonged to and was paid for the benefit of Mr. Gallagher. On the 10th of April, 1900, Mrs. Gallagher, through one Johnson, conveyed the James Street lot to her husband, and on the 17th of April, 1900, her husband reconveyed it to her through one Jones, a mortgage of $4,500 having been placed upon it by Jones before the recording of the deed from him to Mrs. Gallagher, the avails of which mortgage were by arrangement paid to Mr. Gallagher for the building of a house on said James Street lot. On the 10th of April, 1900, the defendant Lawrence T. Gallagher, through said Johnson, conveyed the Sanford Avenue lot to his wife. On April 10th, 1900, the James Street lot was worth about $1,000, and the equity in the Sanford Avenue lot about $2,000. All these transfers were for the purpose, known to Mrs. Gallagher, of defrauding the

creditors of her husband, Lawrence T. Gallagher. During the period covered by these transactions the indebtedness for which the plaintiffs obtained said judgment existed, and Lawrence T. Gallagher owed others, and had some incumbered property, but whether enough to pay his debts did not appear.

The first and second reasons of appeal of the defendant Mrs. Gallagher are, in effect, that the judgment is erroneous because the fact found by the court, that Mrs. Gallagher had knowledge of the fraudulent purpose for which these conveyance were made, is not alleged in the complaint. But Mrs. Gallagher could not have been injured by proof of her knowledge of the fraudulent purpose, since, upon the facts alleged and found, namely, that the conveyances were without consideration and were fraudulent in fact, the plaintiffs were entitled to the judgment rendered, without proof that she had such knowledge. *Hitchcock* v. *Kiely*, 41 Conn. 611, 613.

By the third assignment of error the defendant claims that the judgment is in excess of the relief prayed for, in that the relief prayed for is that the conveyances described in the complaint be set aside, while the judgment also adjudges the deed from Jones to Mrs. Gallagher to be void.

We find no such prayer for relief in the complaint, and no such adjudication in the judgment.

It is not necessary to the validity of this judgment that the plaintiff should have made an accurate and detailed statement in the complaint of the different acts of Mr. Gallagher in his attempt to defraud his creditors by placing these two pieces of property in his wife's name. This is not an action to set aside certain described conveyances but to foreclose a lien. The plaintiffs are seeking to foreclose not only Mr. Gallagher, but others whose rights in the property attached are not prior and superior to those which the plaintiffs acquired by their lien. They say, in effect, in their complaint, that these two lots, although standing in the name of Mrs. Gallagher at the time of the attachment, are in law, as re-

gards these plaintiffs, to be treated at that time as the property of Mr. Gallagher, and that the conveyances by Gallagher to his wife, though made prior in point of time to the plaintiffs' attachment, must be regarded in law as subsequent conveyances, because made without consideration and to defraud creditors, and that Mrs. Gallagher, to retain her title under such conveyances from her husband, must discharge the plaintiffs' lien.

Whether the James street property was deeded to Mrs. Gallagher in November, 1899, or in April, 1900, was not important. Both dates were prior to the attachment, and the deed of April 17th, 1900, from Jones to Mrs. Gallagher, of the James street property, like the deed of April 10th, 1900, from Johnson to Mrs. Gallagher, of the Sanford Avenue lot, was practically a deed from Mr. Gallagher to his wife, and might properly have been regarded as a part of the transaction commenced November 18th, 1899, of placing the James street lot in the name of Mrs. Gallagher.

Several other reasons of appeal are assigned, and we are also asked to correct the finding of facts.

The claims thus made are, substantially, that there was no evidence to support the finding that the conveyances in question were without consideration and fraudulent, and that the court has found these facts as inferences from the fact that the defendants testified falsely regarding these subjects.

We do not so read the finding of the court or the evidence before us. Certain facts regarding these conveyances were proved, which were not questioned, and which, upon proof that the conveyances were made without consideration and were not gifts, would render the inference that they were fraudulent a legitimate one. By the admissions and testimony of the defendants, the plaintiffs showed that the conveyances were not gifts, and that no consideration was paid. With these two facts eliminated the trial court found, from all the circumstances, as it properly might, that the conveyances to Mrs. Gallagher of the two tracts were, with her knowledge, made by her husband for the purpose of de-

frauding his creditors.    A similar question was presented in the recent case of *Lesser* v. *Brown*, 75 Conn. 491.

There is no error.

In this opinion the other judges concurred.