SAMUEL WILSON *vs.* WILFRED V. WARNER, ADMINISTRATOR, ET ALS.

Third Judicial District, New Haven, January Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

Paragraphs of the draft-finding marked "proven" should be read in connection with paragraphs of the finding relative to the same subject-matter.

A husband who purchases land and causes it to be conveyed directly to his wife presumably intends to make a gift of the property to her; but this presumption may be rebutted, and thereupon an implied or resulting trust in favor of the husband arises by operation of law.

Parol evidence is admissible in such case, not for the purpose of establishing an express trust in relation to the land as a ground or cause of action, but merely to rebut the inference of a gift arising from the relation of husband and wife.

Where the oral agreement between the parties respecting the purchase and disposition of the land is identical with that implied by law from the transaction itself, a resulting trust arises in favor of the purchaser; but where such identity does not exist no such trust arises.

In the present case the husband and wife orally agreed, at or before the purchase by the husband, that she should take and hold the title in trust for him and convey the same to him upon his request, and if she should outlive him the property should become hers at his decease. She predeceased her husband, who then sued her administrator and heirs at law to establish his own title. *Held* that that part of the agreement affecting the wife's ownership in case of her survival, might be disregarded in this action, since it had become incapable of fulfilment, and that the balance of the agree-

ment, and the only part which could now be enforced, or upon which the husband relied or from which he could receive any bene-.fit, was identical with the agreement implied by law.

It is sufficient if that part of the actual agreement relied upon is identical with the agreement implied by law.

Argued January 20th—decided March 26th, 1915.

SUIT to establish title to real estate in the plaintiff, through an alleged oral trust agreement between himself and his wife, since deceased, and to enjoin the defendants, her administrator and heirs at law, from asserting any ownership therein, brought to the Superior Court in New Haven County where a demurrer to the complaint was overruled (*Greene, J.*) and the cause was afterward tried to the court, *Burpee, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *No error.*

*Ulysses G. Church*, for the appellants (defendants).

*William Kennedy* and *Spotswood D. Bowers*, with whom was *Dennis W. Coleman*, for the appellee (plaintiff).

WHEELER, J. The plaintiff purchased in 1889 land in Wolcott with his own money and caused the title to be taken in the name of his wife, upon the parol agreement with her, made prior to or at the time of purchase, that, on account of his own poor health and the probability that she would outlive him, the title should be placed in her, to be held by her in trust for him, and on his request be conveyed to him at any time, and that he should enter into possession, pay the mortgage thereon and maintain and improve the property, and that if she should outlive him the title should vest in her at his decease.

The plaintiff fully carried out his part of this agree-

ment, and has, since the purchase, been in possession of the premises, and his wife, during her life, always regarded and treated the property as his. The plaintiff's wife died in 1906.

The finding recites that at the time of this purchase, or soon thereafter, the wife either executed a deed which conveyed the land to the plaintiff, or executed a writing recognizing plaintiff's title and agreeing to carry out the trust in his favor created by or resulting from their agreement. This instrument remained in the joint possession of the plaintiff and his wife until after her death, when it was lost or destroyed without the knowledge of the plaintiff.

The draft-finding of the defendants recites that the plaintiff, after the purchase and taking of title in his wife's name, told her she should draw up a paper reciting that she held the place for him, and that it, in any event, should come back to him if she should predecease him. This paragraph of the draft-finding is marked "proven."

The finding and draft-finding must be read together; read thus, they, in our view, contain a recital that this instrument was executed subsequently to the purchase and conveyance.

The decree that the title is in the plaintiff is attacked on three grounds.

First, because the facts found do not clearly show that the entire purchase price was paid by the plaintiff. This claim is contradicted by the finding; demonstration of this is omitted, since that would involve merely an analysis of the finding and a reiteration of its facts.

Second, because the trust was in writing, and hence was an express and not a resulting trust. The purchase by the husband in the name of his wife with his money raised a presumption of fact that he intended a gift to his wife, but this presumption was a

rebuttable one. The nature of the trust and the real intention of the parties could be proved by parol, and when the presumption of a gift was rebutted the law created an enforceable trust in favor of the husband. "The existence of an express agreement in writing made by the parties subsequent to the transfer did not destroy the resulting trust." For it was relied upon, not to establish an express trust upon which the plaintiff rests, but to rebut the presumption of a gift, by indicating the disposition the parties intended should be made of the property. The trust was not in this case declared in writing at the time of the transaction. Nor does the finding show that such was the intention of the parties. Rather it shows that the trust intended was the trust implied by the law from these circumstances. *Corr's Appeal,* 62 Conn. 403, 26 Atl. 478; *Wilson* v. *Warner,* 84 Conn. 560, 564, 80 Atl. 718; *Ward* v. *Ward,* 59 Conn. 188, 196, 22 Atl. 149; *Barrows* v. *Bohan,* 41 Conn. 278, 283.

Third, because the agreement of the parties is not identical with the agreement presumed by the law. When title is taken in the name of the wife, and the consideration of the conveyance paid by the husband under an agreement which is identical with that which the law implies from the circumstances of the transaction, it rebuts the presumption of a gift, and supports the implied agreement of the law, and a resulting trust arises. When the agreement proven is not identical with that implied by law, it cannot be held that the intention of the parties is identical with that implied by law; hence no resulting trust arises. *Wilson* v. *Warner,* 84 Conn. 560, 564, 80 Atl. 718; *Corr's Appeal,* 62 Conn. 403, 407, 26 Atl. 478; *Barrows* v. *Bohan,* 41 Conn. 278, 283. The agreement found to have been made in this case, that the title placed in the name of the wife should at any time upon request of the

husband be transferred to him, is identical with the agreement implied by law. To this agreement was added the provision that "if she should outlive him the title thereto should vest in her at his decease." The defendants insist that the agreement, because of this addition, is a different one from that implied by law. It is to be noted that the agreement which the husband relies upon is identical with that implied by the law. He does not seek relief in reliance upon that part of the agreement to which the defendants point. In reality this agreement consists of two parts, one an agreement for the benefit of the husband, the other for the benefit of the wife, and each quite independent of the other. The obligation arising out of the agreement sought to be enforced by the husband is complete without reference to the provision affecting the wife's title if she outlive him. The identity required by the law is an identity existing between that part of the agreement relied upon and the agreement implied by the law.

That part of the agreement affecting her title, if she outlive him, may be disregarded in this action, since it does not affect the title under the trust implied by law, and was received in evidence not to prove an express agreement, but because it was a part of the agreement made, to rebut the presumption of a gift, and to set forth the circumstances and history of the transaction out of which the resulting trust arose.

No attempt is made in this action to establish the validity of that part of the parol agreement which vests title in the wife if she survive her husband. The decease of the wife before her husband made the provision for her benefit incapable of performance. The only part of the agreement which is capable of enforcement is identical with the agreement implied by law. The benefit to the husband under this agreement never

has and never could vary. By its terms the contingency of his death could alone prevent the securing of the benefit to him. It would be harsh and unreasonable doctrine which would deny him the benefit of the agreement because a contingency long since incapable of performance was incorporated in the agreement. If Mrs. Wilson had conveyed this property to her heirs and next of kin, it would have been a manifest breach of her trust; were the law to permit these heirs and next of kin to hold this property, it would, by sanctioning their claim, uphold a breach of her trust.

*Booth's Appeal*, 35 Conn. 165, we regard as decisive of this case. There, certain heirs furnished their brother money, pursuant to an oral agreement that it should be used by him in the purchase of a place to be held by him in trust for the use of their mother, and on her decease for the use of the heirs. The parol agreement postponed the conveyance to those paying the purchase price until the decease of the mother. We distinguished between the express trust for the benefit of the mother, and the trust for the benefit of the heirs, and held the latter to be such a trust as would by implication of law have resulted from the payment of the purchase price. We should not have so held, had we not found an identity between the agreement of the parties sought to be enforced and that implied by law.

In *Smithsonian Institution* v. *Meech*, 169 U. S. 398, 18 Sup. Ct. Rep. 396, the property in litigation was paid for by Mr. Avery, and title taken in the name of his wife, because it was supposed she would outlive her husband, and upon the agreement that the property upon their deaths should pass to the Smithsonian Institution. Mrs. Avery died intestate. Her heirs claimed title to this property. Mr. Avery survived his wife, and left by will his estate to this institution,

which filed a bill in equity for a decree that the equitable title to the premises was in Mr. Avery and passed by his will to it. The court sustained a decree in favor of the institution, and held that the presumption of a gift to the wife was clearly rebutted, and a resulting trust created in Mr. Avery for the benefit of the institution. The intermediary life uses were not permitted to destroy the resulting trust. The opinion does not expressly discuss the question of identity between the agreement of the parties and that implied by law, but it was necessarily involved in the decision.

There is no error.

In this opinion the other judges concurred.