MARGARET M. WARD *vs.* JOHN WARD.

New Haven and Fairfield Cos., April T., 1890. Andrews, C. J., Carpenter, Loomis, Seymour and Torrance, Js.

Where the purchase money for property is paid by one and the legal title taken in the name of another, the law raises a trust in the latter in favor of the former.

And this rule holds equally good where the purchase money is paid by one and the title taken to himself and another jointly.

The only exception to the rule is where the grantee is a wife or child or other person for whom the purchaser is under a legal or moral obligation to provide, when it is regarded as *primâ facie* a settlement on the grantee.

The presumption of a resulting trust may be rebutted by proof of a different intention.

And may be supported by parol proof in favor of such a trust. The statute of frauds does not extend to trusts arising by operation of law.

The question of intention is a question of fact.

And upon that question evidence is admissible of the understanding of the parties at the time of the transaction.

Argued April 17th—decided June 12th, 1890.

Suit to compel a conveyance of real estate and for an injunction; brought to the Superior Court in New Haven County and heard before *Prentice, J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The facts are fully stated in the opinion.

*W. B. Stoddard* and *S. C. Loomis,* for the appellant.

1. Upon the facts we claim that there was a resulting trust in favor of the plaintiff. Whenever property is purchased and the money paid by one person, and the deed taken in the name of another, a resulting trust arises in that other in favor of the person who paid the consideration. And it makes no difference whether it is taken to the purchaser and others jointly, or in the name of others without the purchaser. 1 Perry on Trusts, § 126. This is a trust which the law raises from the acts of the parties, presuming that the person who pays the consideration money intended the benefit to himself in the absence of rebutting circumstances. This is always the case when the title is taken in the name of a stranger. But in the case of a wife or child, or some person whom the purchaser is under obligation to support, the presumption of the trust is rebutted and the transaction is to be regarded, *primâ facie*, as a settlement; in that case the person paying the money must rebut that presumption, so that the resulting trust may arise. In the case at bar the defendant, in whose name the deed was taken, was a brother of the plaintiff, who paid the consideration money. So that the question now is, which presumption arises in this case? In the case of a brother, the sister is under no legal obligation to provide for his support. 1 Perry on Trusts, § 144, says of this subject:—" If the nominal grantee be a brother of the purchaser, the law will presume a trust and not an advancement, on the ground that there is no such obligation on one brother to support or provide for another that the purchase can be presumed to be made for such a purpose; so, if one sister pay the money, and take the conveyance in the name of another sister." See also 1 Lewin on Trusts, 178; *Madison* v. *Andrew*, 1 Ves. Sen., 58; *Forrest* v. *Forrest*, 34 L. J., Ch., 428; *Field* v. *Lonsdale*, 14 Jur., 995; *S. C.*, 13 Beav., 78; *Edwards* v. *Edwards*, 39 Penn. St., 369; *Keaton* v. *Cobb*, 1 Dev. Eq., 443. And in Connecticut this court has held that in case of a brother and sister the presumption of a trust arises. *Booth's Appeal from Probate*, 35 Conn., 165. See also *Barrows* v. *Bohan*, 41 id., 278.

2. The presumption of a trust, then, having arisen, there

is nothing in the circumstances of this case, which, in law, ought to rebut that presumption. The court below does not find, as a fact, that the plaintiff intended to give the defendant a beneficial interest in this property, but, after stating the facts, says : "*From the above facts and evidence,* I find that the deed was intended to give to the defendant a beneficial interest in the premises." But this is a conclusion of law, which may be reviewed by this court. If it be regarded as a conclusion of fact, yet it will be set aside if the court erred in ruling out evidence which we offered as to the understanding of the parties at the time, which we will consider hereafter. The facts bearing upon the question of intent are the following :—That he was her brother ; that they were friendly to each other ; that the plaintiff was desirous of purchasing a place for her home, and as a home for her insane sister ; that the plaintiff paid all the money ; that she has always retained possession of the deed ; and that she has always managed the property as her own, borne all the expenses, and collected all the rents. There is nothing in these facts which rebuts the presumption of a resulting trust.

3. The court erred in excluding the evidence offered by the plaintiff. The question to the plaintiff—" How did it come about that John's name was put in the deed ? " was admissible as showing the circumstances under which the deed was taken in his name. In *Barrows* v. *Bohan,* 41 Conn., 283, this court says, " When the actual agreement between the parties is identical with the agreement which the law will imply from the circumstances, as in this case, there can be no conflict, and no danger that the real intentions of the parties will be defeated by operation of law." We had alleged in the complaint that the defendant agreed to transfer the premises to the plaintiff on demand. The question was admissible to prove that. The trust thus raised was not express but implied. The promise was to convey, not to hold the property in trust. The law will imply a trust from the promise to convey. *Todd* v. *Munson,* 53 Conn., 579. The court also ruled out the question:

" You have testified that you paid all the money for this land, and took the deed yourself, and have kept it ever since. I will ask you if it was your intention to give this land to your brother." This question was clearly admissible. If there was any doubt about it before, we ought to have been allowed to show that beyond all controversy no beneficial interest was intended to be conveyed. 1 Perry on Trusts, § 147.

*W. A. Wright*, for the appellee.

1. The parol evidence offered by the plaintiff to establish the trust claimed, was properly excluded by the court. The gist of the complaint is contained in paragraph three. The allegation is that the defendant " was named as grantee therein (that is, the deed from Clark to John and Margaret Ward,) with the understanding that he was the trustee of the plaintiff," and that " he agreed to transfer the same to the plaintiff on demand." The trust thus set forth, and the only one declared upon, is clearly an express trust. It is nowhere alleged that the defendant was guilty of any fraud in the transaction, or that the land was deeded to the parties jointly through accident or mistake, and the evidence was not claimed on any of these grounds. As to the exclusion of the parol evidence offered by the plaintiff in support of these allegations, it is sufficient to cite the cases of *Dean* v. *Dean,* 6 Conn., 285, and *Todd* v. *Munson,* 53 id., 579. In the opinion in the latter case a review will be found of all the leading cases on the subject heretofore decided by this court. " An express trust in favor of a grantee cannot be established by parol evidence that the grantee agreed to hold the property in trust or to reconvey it." *Barr* v. *O'Donnell,* 76 Cal., 469.

2. The exclusion of this evidence necessitated the raising of the only other claim made by the plaintiff, namely, that because the plaintiff had paid the purchase price of the land in question and had it deeded to her brother and herself jointly, a resulting trust as to the moiety so deeded to her brother was thereupon raised in her favor. It should be re-

membered that at the time of the purchase of this property both of the parties were single, well advanced in years, and that the defendant was the only surviving brother of the plaintiff, and, with the exception of an insane sister, her only near relative. It is found that at the time of the purchase " the relations of the parties were most cordial and friendly. They boarded together, they negotiated for the purchase of the land together, and both evinced an interest in the preparation of it for their home, and continued to live in the house for several years as one family and in common and complete harmony and friendship. A portion of the house was rented, and a small store was carried on by the parties on the lower floor. In all respects there was a community of interest, and no division or accounting in any way had, attempted or desired." In determining whether a resulting trust was created, the transaction itself must be the guide. " The trust must result, if at all, at the instant the deed is taken and the legal title vests in the grantee. No oral agreements and no payments, before or after the title is taken, will create a resulting trust, unless the transaction is such that at the moment the title passes a trust will result from the transaction itself." 1 Perry on Trusts, § 133; Tiffany & Bullard on Trusts, 31; *Olcutt* v. *Bynum*, 17 Wall., 44; *In re Wood*, 5 Fed. Rep., 443; *Miller* v. *Bloss*, 30 Va., 744; *Dudley* v. *Batchelder*, 53 Maine, 403; *McCue* v. *Gallagher*, 23 Cal., 51; *Byers* v. *Danley*, 27 Ark., 77. For nearly seven years these parties had lived in complete harmony before any claim was made that the defendant held title in the premises as trustee for the plaintiff. " Courts will not enforce a resulting trust after a great lapse of time, or laches on the part of the supposed *cestui que trust*, especially when it appears that the supposed nominal purchaser had occupied and enjoyed the estate." 1 Perry on Trusts, §§ 139, 141. See also 1 Lewin on Trusts, 170; Tiffany & Bullard on Trusts, 41; *Sunderland* v. *Sunderland*, 19 Iowa, 325; *Brown* v. *Guthrie*, 27 Texas, 610. The trial court found as a matter of fact that " said deed was intended to give the defendant a beneficial interest in said premises, that

it was so conveyed for the purpose of providing a joint home for the parties and for their joint benefit, and that the transaction had no ulterior or collateral object or purpose." As a resulting trust is a mere matter of equitable presumption, it may be rebutted by facts that negative the presumption. 1 Perry on Trusts, § 139 ; 1 Lewin on Trusts, 170 ; Bispham's Equity, § 83. "A mistake of a grantor as to the legal effect of language used in a deed, if the language used is such as he intended should be used, will not afford him any ground of relief in equity." *Burt* v. *Wilson*, 28 Cal., 632. A resulting trust will not arise where "an intention appears of conferring a beneficial interest." 1 Lewin on Trusts, 144 ; Hill on Trustees, 170 ; 1 Perry on Trusts, § 162.

SEYMOUR, J. In this case the plaintiff claims a judgment that the defendant convey his interest in the premises described in the complaint to her, or a decree vesting in her a title to the same. The Superior Court decided in favor of the defendant. The facts which it found and its conclusions thereon, together with the claims made by the parties on the trial, are set forth in the finding as follows :—

"The plaintiff and defendant are brother and sister, born in Ireland, aged sixty-five and sixty-seven years respectively, and never married. They came to this country together in 1854. The plaintiff has ever since remained here. Prior to 1882 she remained out at service, and accumulated several thousand dollars. The defendant returned to Scotland in 1864, and remained there until 1882. He had accumulated little or nothing. In 1882 the plaintiff became desirous of retiring from service and of purchasing a place for her home, and as a home for her insane sister, the only sister of the parties, the defendant being the only brother. About this time a correspondence sprang up between the plaintiff and defendant. As to the character of this correspondence the parties disagreed, but by means of it the defendant became informed of his sister's intention, and as the result of it he returned to this country. The relations of the parties at this time were most cordial and friendly. The defendant

came to New Haven, where he had formerly lived, and shortly after the plaintiff left her employment in New York and joined her brother in New Haven. They boarded together for a while, when the land described in the complaint was purchased of Massena Clark, and the conveyance taken by an ordinary warranty deed to the plaintiff and defendant. A house was immediately built upon the premises, and the parties, with their insane sister, went there to live together. The negotiations for the purchase of the place were made by the parties together, and both evinced an interest in the preparation of it for their home. During the construction of the house the defendant was frequently about it exercising an oversight of the work, and did more or less work upon the place. The parties continued to live in the house for several years as one family, and in common, and in complete harmony and friendship. A portion of the house was rented, and a small store was carried on by the parties on the lower floor. The plaintiff carried the purse, took all moneys received from rents, from the store or otherwise, made all expenditures, and bore all the household expenses. In all respects there was a community of interest, and no division or accounting in any way had, attempted or desired. Differences finally arose between them, which at last culminated in a demand by the plaintiff upon the defendant for a conveyance to her of his title in the premises. This demand was refused. This action was thereupon brought.

"The entire purchase money of the land, about $1,700, and the money expended in the construction of the improvements thereon, also about $1,700, was paid by the plaintiff. The defendant has never put any money into the premises. The deed upon its execution by the grantor was by him handed to the plaintiff, who has since kept it in her possession. Both parties were present when the negotiations for the land were had, and when the deed was given. The defendant claims the right to sell or mortgage his interest in the premises at his pleasure, and recently, since differences have arisen between the parties, has threatened to do so.

" From the above facts and evidence I find that the deed was intended to give to the defendant a beneficial interest in the premises, that it was so conveyed for the purpose of providing a joint home for the parties and for their joint benefit, and that the transaction had no ulterior or collateral object or purpose. I therefore find that the conveyance vested an absolute estate in the defendant, and that no trust for the benefit of the plaintiff or otherwise resulted therefrom or was created thereby.

" The defendant upon the trial waived his claim for relief contained in his answer.

" Upon the trial the plaintiff claimed that the fact that she furnished all the money for the purchase of the land and the erection of the buildings and improvements thereon, raised a resulting trust in her favor, and that the other facts in the case were not sufficient to rebut the presumption of such trust, and that she was entitled to the relief prayed for; but the court found that such presumption was rebutted by the other evidence in the case, hereinbefore detailed, and that no trust in favor of the plaintiff resulted in view of all the facts and circumstances surrounding the transaction, and rendered judgment as on file."

The first question presented by the record is, whether the title, which the defendant had in the described property, was held by him as trustee for the plaintiff. In other words, whether, upon the facts of the case, a resulting trust was created in favor of the plaintiff, so that she had a right to have the title to the property vested solely in herself.

Resulting trusts are created by operation of law. They arise, notably, when the purchase money for property is paid by one and the legal title is taken in the name of another. In such a case a trust arises, at once, in favor of the person paying the money, and the holder of the legal title becomes a trustee for him. This result follows the natural presumption that a purchase will inure to him who furnishes the purchase price, and, of course, holds equally good when the title is taken to the purchaser and another jointly.

There is an exception to this general rule, when the pur-

chaser takes the conveyance in the name of his wife or child, or other person for whom he is under a natural, moral or legal obligation to provide. In such cases it is held that the transaction will be regarded, *primâ facie*, as a settlement upon the nominal grantee. But if the nominal grantee be a brother or sister the law will presume a trust and not an advancement, on the ground that there is no such obligation to support that the purchase can be presumed to be made for that purpose.

The presumption of a resulting trust may be rebutted by proof of a contrary intention. From the very nature of the case, as the trust is an implied and not an express one, proof of an intention not to create it is admissible to overthrow the *primâ facie* conclusion to which the law would come in the absence of such proof. It is also true that a resulting trust, especially one arising in favor of the purchaser, may be established by parol. *Booth's Appeal from Probate*, 35 Conn., 169 ; Flint on Trusts & Trustees, sec. 72.

Parties need not rely alone upon the implication which the law makes where the purchase money is paid by one and the title taken to another. They are entitled to present more than a *primâ facie* case if they have it, in anticipation of evidence which they expect the other side to offer. They are at liberty to prove that the intention of those concerned accorded with the presumption of law. And this they may do by parol. The statute of frauds does not extend to trusts arising by operation of law, and this court said, in *Barrows* v. *Bohan*, 41 Conn., 283, that when the actual agreement between the parties is identical with the agreement which the law will imply from the circumstances, there can be no conflict and no danger that the real intention of the parties will be defeated by operation of law.

In the case at bar the entire purchase money for the land was paid by the plaintiff and the conveyance taken, by an ordinary warranty deed, to the plaintiff and defendant. Upon these facts, standing alone, a resulting trust would at once be created in the plaintiff's favor ; but the testimony which was admitted added certain other facts from which,

notwithstanding the plaintiff paid the entire purchase money, the Superior Court finds that the deed was intended to give the defendant a beneficial interest in the premises conveyed.

The question of intention is generally a question of fact, to be found, as a fact, by the Superior Court, and not to be submitted to this court to be decided upon the evidence. Indeed this court has said in *Quinebaug Bank* v. *Brewster*, 30 Conn., 559, that a question of intent is always a question of fact, and the proposition is quoted with approval in the more recent case of *Bloodgood* v. *Beecher*, 35 Conn., 480. In the case now before us the judge below, after reciting the facts, says—" from the above facts and evidence I find that said deed was intended to give to the defendant a beneficial interest in said premises," etc. In cases where the conclusions of the court are conclusions of law based upon the facts, the facts may be considered by this court upon appeal, but not so where the conclusions of the court below are conclusions of fact from the evidence before it. In the very recent case of *Hayden* v. *Allyn*, 55 Conn., 289, the Superior Court had found the facts in detail with regard to the whole transaction, and added—" Upon the facts set forth it is found that said transfer was not made in good faith in the regular course of business, and was made in view of insolvency and with an intent to prefer a creditor, the defendant company." Upon this conclusion it held the transfer void and rendered judgment for the trustee in insolvency to recover the value of the property. This court thereupon said—" If this had been a conclusion of fact from the evidence before the court it could not be reviewed : but it is very clearly an inference of law from the facts specifically found. The evidence had exhausted itself in producing the facts thus found. Noth-ing remained but for the court in the exercise of its legal judgment to draw its inference from the facts. * * * In such a case the conclusion of the court can always be reviewed by the appellate court. An erroneous conclusion is an error of law and not an error in an inference of fact." Then immediately follows an application of this principle to the case then in hand, which serves fully to explain its

scope and bearing. " The question therefore is," the opin-
ion goes on to say, " whether the facts presented show clearly
that the transfer was in violation of the provisions of the
insolvent law and therefore void as against creditors."

The Superior Court had found, " upon the facts set forth,"
that there was a violation of the provisions of the insolvent
law.   This the Supreme Court says was a conclusion of law.
It is clear that this decision can give no color to the claim
that the evidence upon which the facts were found is proper
subject for argument here, but only the conclusion of law to
which the court below came upon the facts which it found.
The opinion treats, for instance, the finding that the debtor
" at the time of the transfer of the goods did not intend to
go into insolvency " as conclusive of the fact of intention,
and considers what effect the absence of such intention had
in that case.

So in the case at bar.  If the case stood simply that the
property was paid for by the plaintiff and the title taken to
him and another, we have seen what implication follows.
If an intention contrary to the presumption is claimed, it is
a fact to be enquired into, and when found becomes opera-
tive upon the legal conclusions to be drawn from it and the
other pertinent facts.

If the question of intent was still open, and if finding
it from " the above facts and evidence " by the Superior
Court made it the duty of this court to pass upon it as mat-
ter of law, we are constrained to say that in our opinion the
presumption of a resulting trust arising from the payment
of the purchase money by the plaintiff is not rebutted by
the other evidence in the case.   On the contrary, we think
the evidence strengthens the presumption of law and vindi-
cates its application.   If the case was to be decided upon
this point alone, we should hold that the finding that the
deed was intended to give to the defendant a beneficial in-
terest in the premises was conclusive, and that the evidence
upon which the intention was found cannot be reviewed by
this court in the manner proposed.   But was all the evi-
dence pertinent to that issue considered by the court?  The

plaintiff offered to show how it came about that the defendant's name was put into the deed and whether it was the plaintiff's intention, when she purchased the land, to give it to the defendant. This evidence was claimed for the purpose of showing the understanding of the parties at the time of the transaction and of proving the allegation of the complaint that it was then understood that the defendant. took the title as trustee for the plaintiff, who paid the full purchase price, and would transfer the title to her on demand. This evidence was clearly admissible. It was not an attempt to prove by parol an express trust varying from the resulting trust implied from the transaction, but parol proof to reinforce and establish the *primâ facie* implication arising from the circumstances alone. A trust must result, if at all, when the title passes. While, therefore, the *modus vivendi* of the parties in respect to the property, since the title passed, may be important as an indication of such intention in the absence of any proof aside from that furnished by the bare transaction, yet it is less valuable than proof of the understanding at the very time of the transaction. It seems to be established by the authorities, and altogether reasonable, that a party should have the right to explain, that property for which he paid the purchase price was deeded to himself and another, not with the intention of giving the other a beneficial interest therein, but with the express understanding of the parties that such other should hold the title in trust for the purchaser, according to the implication of the law, about which they might or might not be ignorant.

It is not necessary to consider the other questions raised by the record.

We think the court erred in refusing to admit the testimony offered for the purpose of showing that it was expressly agreed and understood between the parties when the title was taken that the defendant took as trustee for the plaintiff.

In this opinion the other judges concurred.