## THE HOGGSON AND PETTIS MANUFACTURING COMPANY vs. CLARENCE M. SEARS.

Third Judicial District, New Haven, January Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Inasmuch as General Statutes, §627, permits the use of "the common counts" where any of them is a general statement of the cause of action, it is manifest that in some cases at least such counts must continue to be a sufficient form of complaint when supplemented by a bill of particulars only.

The so-called common counts for money paid, laid out and expended for the defendant, and for work and professional services performed for him, are not demurrable because of the lack of an averment that the defendant requested the plaintiff to pay such money or to perform such services. Circumstances might exist which would justify the trial court in requiring the bill of particulars to state whether such a request had been made or not, but if so, the remedy would be by motion to make the bill more specific, and not by demurrer to the complaint.

A bill of particulars filed under the common counts for money paid and work done, may nevertheless be applicable to the count for an account stated, which is afterwards added to the complaint by way of amendment ; and if it is applicable, such count remains as part of the complaint.

In the present case the bill of particulars was for "work on gauge parts, $177.75," and this sum was the precise amount the parties had agreed upon as due from the defendant to the plaintiff upon an adjustment of their differences. *Held* that the bill of particulars was applicable to the count for an account stated.

Having admitted the defendant's letter to the plaintiff, to rebut any inference of an account stated which might arise from his silence after receiving plaintiff's bill, the plaintiff was thereupon permitted to put in evidence its letter in reply, showing its dissent from the statements contained in the defendant's letter. *Held* that the defendant had no cause to complain of this ruling.

Alleged declarations of the plaintiff's secretary to the defendant having been given in evidence by the latter, the secretary, when called in rebuttal, testified that the defendant said at the interview in question that he wanted to settle by paying $50. *Held* that apparently this was received, not for the purpose of proving an admission of liability, but merely to contradict the defendant's version of the interview; and therefore was not a sufficient ground for granting a new trial, even if it could be said that the defendant's remark was such an offer of compromise as would be presumed to have been made without prejudice.

Argued January 19th—decided March 9th, 1905.

ACTION upon the so-called common counts, brought to the Court of Common Pleas in New Haven County and tried to the court, *Hubbard, J.;* judgment for plaintiff, and appeal by defendant. *No error.*

The original complaint contained all the common counts except those for an account stated, money had and received by the defendant for the use of the plaintiff, and for the use and occupation of land. The indebtedness alleged under each paragraph or count was $178.50.

During the term to which the action was made returnable, the plaintiff filed the following bill of particulars :—

" C. M. Sears,
    To The Hoggson & Pettis Manf'g Company, Dr.
1902.
· Feb. 13. To express charges on castings from
                Brown & Sharpe,                          .75
    Apr. 8. To work on gauge parts,          $177.75
    Amount due Hoggson & Pettis Manf'g Co.,   $178.50 "

The defendant thereupon demurred to paragraph 2 of the complaint which alleged that the plaintiff had laid out and expended money for the defendant to said amount, and to that part of the bill of particulars applicable to said paragraph, upon the grounds, in substance, that they contained no allegation of any debt or duty owed by the defendant to any third person, or that the defendant requested the plain-

tiff to pay, or that it was the right or duty of the plaintiff to pay, money to any third person for the defendant's benefit; and also demurred to paragraph 5 of the complaint, which alleged that the plaintiff had performed work and rendered services for the defendant of the price and value of said sum, and to that part of the bill of particulars applicable to said paragraph, upon the ground, in substance, that they contained no allegation that the defendant requested the performance of the work, or that the "gauge parts" were ever delivered to the defendant, or that the defendant was liable to the plaintiff for any work he might have done.

The court having overruled this demurrer, the defendant filed an answer, alleging, in substance, that the plaintiff entered into an oral contract with the defendant to manufacture certain instruments, for the measurement of minute differences of distance, and to deliver fifty of them in one week and a half after they were ordered; that the plaintiff failed in certain described respects to perform said work according to said contract; and that the services rendered by the plaintiff were of no value.

To this answer the plaintiff replied, in substance, that about January 1st, 1902, the plaintiff and defendant entered into a contract whereby the plaintiff was to furnish the labor of its employees and the use of machinery in attempting to manufacture and assemble certain parts of the instruments described in the answer, at the price of fifty cents an hour for each employee engaged upon said work, the defendant to have the right to superintend and direct said work; that the plaintiff furnished its workmen and machinery, and the work of experimenting and endeavoring to perfect said instrument was carried on under the personal direction of the defendant until about the 8th of April, 1902, when the defendant desired to stop said work, and it was then agreed between them that the defendant, in settlement of the plaintiff's account, should pay to the plaintiff, as the cost and expense incurred in so furnishing workmen and machinery, the sum of $177.75, in lieu of the charge of fifty cents an hour for each workman, as before agreed, and that said account, so stated and

agreed upon, was the cause of action stated in the complaint and bill of particulars.

The plaintiff afterwards, by leave of court, amended the complaint by inserting as a paragraph of the common counts the following : "7. And said sum was found to be due to the plaintiff from the defendant on an account then and there stated between them"; and the defendant amended his answer by denying the allegations of said paragraph 7 and the bill of particulars applicable thereto, if said count should be held to be a part of the complaint.

The defendant thereafter demurred to the plaintiff's reply upon the grounds, among others, that it was a departure, since it did not strengthen or sustain either of the only two grounds of action stated in the complaint, namely, for money laid out and expended for the defendant, and for work and labor performed for the defendant, but set up a new cause of action for account stated, not contained in the complaint, and that the matter set up in the reply was such as could not properly be stated as part of a reply, but could only properly be alleged as a part of the complaint.

This demurrer was overruled, and the defendant then denied the averments of the reply.

The overruling of these two demurrers are among the reasons of appeal assigned.

*Frank S. Bishop*, for the appellant (defendant).

*Hobart L. Hotchkiss*, for the appellee (plaintiff).

HALL, J. The trial court did not err in overruling the demurrer to the complaint and bill of particulars. That the form of complaint denominated the " common counts," in the rules under the Practice Act, is so far a sufficient complaint as not to be demurrable, after the plaintiff has filed a proper bill of particulars of the items of the claims described in the several common counts, is now a matter of statute. Section 627 of the General Statutes provides that such common counts may be used for the commencement of an

action in all cases when any of the counts is a general statement of the cause of action, but that " before any default shall be entered, or judgment shall be rendered thereon, the plaintiff shall furnish a bill of particulars of the item or items of his claim."

It is true that suits may be commenced by the common counts in which the real cause of action is such that, to enable the parties to plead correctly and properly try the case, the plaintiff will be required to file, by way of amendment, a substitute complaint or complete statement of the facts showing the cause of action ; and when this is done the common counts drop out of the case. *Kelsey* v. *Punderford*, 76 Conn. 271, 275. But it was manifestly intended by the language of the statute that in some cases the common counts might remain in the pleadings as a sufficient form of complaint, after the plaintiff had filed only a sufficient statement of the items of his claims. In this class of cases the office of the bill of particulars is not to supply some necessary allegation of the complaint, without which it would be insufficient upon demurrer, but to furnish a sufficiently particular statement or bill of the items of the claims which are generally described by the allegations of the several common counts. *Kelsey* v. *Punderford*, 76 Conn. 271. Such bill of particulars generally gives the date, quantity, character, price or value, of the items of plaintiff's claims. The facts of a case may be such as to require even a more detailed statement in the bill of particulars, and may be such as to justify an order by the trial court that such bill of particulars state whether money alleged to have been expended, or work alleged to have been performed, for the defendant, was paid or performed at the defendant's request. In such cases, however, neither the complaint nor bill of particulars would be open to demurrer because of the absence of such statement or averment of such request. The remedy would be by motion to make the bill of particulars more specific.

In the present case, the plaintiff having filed a bill of particulars containing items applicable to the counts for money paid and expended, and work performed for the defendant,

the complaint and bill of particulars were not demurrable even if, upon motion, the bill of particulars might properly have been required to be made more specific.

Upon the demurrer to the reply, and in his claims of law in the argument, the defendant contends that the complaint contains no count for an account stated, since, as he claims, that count, though added by amendment, was at once stricken out, because the bill of particulars which had been filed was not applicable to it.

The count for an account stated, when so added by amendment, became an allegation that on or before the 11th of September, 1902, the sum of $178.50 was found to be due to the plaintiff from the defendant on an account then and there stated between them. This was an averment that, in a proper matter of account, a settlement had been made and a balance ascertained and struck by the parties. It was not necessary that the count itself should state the items of the account, nor that it should correctly state the balance agreed upon. Proof of an acknowledgment by the defendant that a certain sum was due the plaintiff at a certain time, in settlement of the account, was sufficient to support the averment of the complaint. 1 Swift's Dig., 577, 704. The bill of particulars, although it was filed before the count for an account stated was added, contains an account of the plaintiff with the defendant, with the items of it and the sum of the items, and a statement that such sum, $178.50 (being the precise sum named in the complaint in the count for an account stated), is the amount due the plaintiff, and the court has found that at a settlement between them, after the work done by the plaintiff had been performed, the defendant agreed that there was due the plaintiff $177.75 as the cost of said work and use of machinery, and that the defendant then promised to pay said sum within a short time. The defendant has made no attempt by motion, or by demurrer to the count for account stated, or bill of particulars, to raise the question of whether the bill of particulars is applicable to that count, or whether they together sufficiently state a cause of action for an account stated. It was

held in *Hatch* v. *Boucher*, 77 Conn. 347, that the item, " Balance due for meats furnished to date," appearing under a certain date in a bill of particulars, was sufficiently specific as an item applicable to the count for an account stated. The trial court correctly ruled that the count for an account stated remained in the pleadings as a part of the complaint.

If there was any technical error in overruling the other grounds of the demurrer to the reply, we are unable to discover how it could have embarrassed the defendant in the trial, or how it could have affected the final judgment, since upon the facts found the plaintiff was entitled, upon the counts for work performed and money expended, to recover the amount of the judgment rendered.

It is found that a few days after the account had been settled, and the defendant had promised to pay the sum of $177.75, as before stated, and after he had received from the plaintiff a bill for said amount, together with the parts of said instrument made by the plaintiff and certain tools and dies, all sent by the plaintiff at the defendant's request, the defendant mailed a letter to the plaintiff, prepared by the defendant's counsel, in which the defendant stated, among other things, that he had returned said " parts " to the plaintiff as defective ; and that he had received the bill for $177.75, but failed to see why any bill had been sent to him, as the " parts " were absolutely worthless, and that plaintiff's foreman had admitted that the work had not been properly done. This letter was admitted in evidence against the plaintiff's objection, having been offered by the defendant as a part of the correspondence between the parties as rebutting, by its statements, any inference of an account stated which might arise from defendant's silence after receiving the bill ; and as showing that plaintiff having thus abandoned its work on the gauge parts, they were returned to plaintiff to be completed. The plaintiff, against the defendant's objection, was thereupon permitted to lay in evidence its letter in reply, in which it was stated, among other things, that said parts and said bill had been sent at the defendant's re-

quest, and upon defendant's agreement to pay said amount, and that there had been no admission by plaintiff that the work had been improperly done.

The defendant has no cause to complain of such ruling. Having admitted the defendant's letter, the court properly received with it the plaintiff's reply for the purpose for which it was offered, namely, of showing the plaintiff's dissent, expressed to the defendant, from the statements of the defendant's letter. For the purpose of proving that the plaintiff had not done its work properly, the defendant testified that he, in company with one Griffin, called at plaintiff's factory and told Mr. Kennedy, the secretary, that the work was not satisfactory, and that he did not think that he ought to pay the bill, and that Kennedy replied that the plaintiff ought not to have taken the contract to do any of the work, as the plaintiff did not have the machinery and appliances to do the work properly. In rebuttal Kennedy was called as a witness, and, his attention having been called to this interview, was asked to state what was said. He replied, "Mr. Sears (the defendant) wanted to settle the matter on payment of $50." The defendant's objection and motion that this answer be stricken out, upon the ground "that anything in the nature of a peace offering is privileged, and not admissible in evidence," was overruled.

As we read the record this question was asked, and the answer was given, not for the purpose of proving an admission of liability by the defendant to the amount of $50, but only for the purpose of contradicting the testimony of the defendant, by showing that no such conversation as that testified to by the defendant occurred at the interview at which Griffin was present; and Kennedy's answer was admitted simply for that purpose. Under these circumstances, even if it can be said that it appears sufficiently clear from Kennedy's answer that the defendant's proposal of settlement was such an offer of compromise as will be presumed to have been made without prejudice, the ruling of the court does not furnish sufficient ground for granting a new trial.

The decision of the trial court that Kennedy had au-

thority to make the agreement of settlement with the defendant is amply sustained by the uncontroverted facts.

Other rulings complained of in the appeal require no discussion.

There is no error.

In this opinion the other judges concurred.