WILLIAM E. DUNN *vs.* FRANCIS W. FOLEY.

Third Judicial District, New Haven, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

A registrar of voters in appointing and employing an assistant, under General Statutes, § 1599, acts as an agent of the law, and is not personally liable to the latter for his services, unless he pledges his own credit by plain words.

Under the so-called common count for work and labor (*Form 85*) a plaintiff cannot recover for "money had and received."

Argued January 23d—decided March 8th, 1906.

ACTION for services, brought to the City Court of New Haven and tried to the court, *Tyner, J.;* judgment for defendant. *No error.*

The action was originally brought on the form of complaint (*Form 85*) denominated the common counts. Subsequently the plaintiff filed the following bill of particulars :—

"To services in taking the registration of the 9th ward for the fall election, 1904, at the request of the defendant, and for which the defendant promised to pay,          $300.00

Cr.          Cash,          20.00

Balance due,          $280.00."

*Edward J. Maher*, for the appellant (plaintiff).

*James P. Pigott*, for the appellee (defendant).

BALDWIN, J. The filing of the bill of particulars operated to strike out of the complaint all the " counts " or paragraphs not appropriately applicable thereto. Rules of Court, p. 41, § 129; General Statutes, § 627. It therefore left but two " counts " remaining, which by any possibility could be claimed as pertinent to the bill of particulars, namely, that (5) for work and services, and that (11) on an account stated.

No account stated was either claimed or proved, but, as to the claim for services, the finding states these facts : Services were rendered by the plaintiff as an assistant registrar of voters in a voting district or ward of the city of New Haven. This city is coextensive with the town of New Haven, and exercises the functions as to elections formerly belonging to the town. The defendant was one of the two registrars of voters for the city, elected under General Statutes, § 1803, and in August, 1904, appointed the plaintiff as one of his assistants, under General Statutes, § 1599, which provides that each registrar may " from time to time, appoint and employ one assistant for each voting district therein, who shall assist the registrars in the performance of

their duties," and that such assistants shall be appointed for the performance of certain duties required on election day and the six days preceding it.

In October, 1904, after the plaintiff had properly performed about three fourths of the work required of an assistant registrar of that ward, the defendant discharged him and appointed another in his place who completed the work. The proper authorities, acting under General Statutes, §1618, allowed for two assistant registrars in that ward the sum of $650, to pay for the registration of the voters in the ward. The defendant was entitled by law to appoint one such assistant registrar for that ward, and another registrar of voters was entitled to appoint and did appoint another. The sum of $325 was paid from the city treasury to each of the registrars, being half of the sum so allowed. Out of the $325 received by the defendant he paid the plaintiff $20.

The latter claimed upon the trial that, upon these facts, the defendant was personally liable to him, and liable for money had and received.

The second of these claims fails for want of any averment in the complaint to support it.

The first was untenable because no personal engagement on the part of the defendant was proved.

Assistant registrars of voters for a voting district are public officers, whose duties are prescribed by law. For their services they are to receive what certain municipal authorities may deem proper, provided that the sum allowed shall not be less than $2 for each day's service. Such an allowance was made for the services of the assistant registrars of the voting district to serve in which the plaintiff was appointed. He does not complain of its amount, nor that no part of it was made directly in his favor. Apparently he acquiesced in its payment by the city to the two registrars.

If by reason of his receipt of half of this allowance, the defendant came under any obligation to the plaintiff, there is nothing in the complaint under which a recovery for its breach can be supported.

No antecedent obligation, on any contract of employment, existed. When the defendant made the appointment, he was not indeed under any obligation to make it. The day of the election was far distant. He might have undertaken to make the registration in that ward himself. But he had a legal right to appoint some one to do it for him, and in making the appointment and employing the plaintiff he acted as an agent of the law. A public officer in making a public contract incurs no personal responsibility, unless he pledges his own credit by plain words. *Parks* v. *Ross*, 11 How. (U. S.) 362, 374.

There is no error.

In this opinion the other judges concurred.