ABRAHAM LANDER *vs.* SIMON PERSKY ET AL.

Third Judicial District, Bridgeport, April Term, 1912.

PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH
WHEELER, Js.

The defendants had agreed with the owner of land to advance funds for building purposes, secured by mortgage, in instalments, each instalment conditioned upon the furnishing of waivers of mechanics' liens. While the last instalment, amounting to $800, remained in the hands of the defendants, the owner assigned part thereof to the plaintiff, who notified the defendants, but no waiver of lien was furnished, nor did the owner ever demand the last payment. Mechanics' liens having been subsequently filed, these defendants foreclosed their mortgage, for nonpayment of interest, against the owner and the lienors. This plaintiff, upon his own motion, was

made a party plaintiff in the foreclosure proceeding. A decree was entered, which included in the amount found due interest on the unpaid instalment, and ordered that possession be delivered to the mortgagees and the present plaintiff. No party redeeming, the mortgagees filed a certificate of foreclosure, and sold and conveyed the land to one of the defendants in that action. Whereupon the assignee brought this action against the mortgagees to recover the amount advanced by him in reliance upon the assignment. Upon these facts it was *held:*—

1. That the attempted assignment was ineffectual, since the condition precedent to the payment of the last instalment had not been performed.

2. That the plaintiff, having had no interest in the mortgaged premises or the mortgage loans, was not a necessary or proper party in the foreclosure proceeding, and acquired no interest in the premises by the decree.

3. That his rights under the assignment were not enlarged by the erroneous inclusion in the foreclosure decree of interest on that portion of the loan not advanced.

The defendants were not charged with a resulting trust as to the land, since the plaintiff had no part in the consideration for which they acquired it.

The fact that the purchaser, after foreclosure, agreed with the defendants to save them harmless from the claim of this plaintiff did not tend to establish the defendants' liability to the plaintiff, and evidence thereof was properly excluded.

Argued April 11th—decided May 16th, 1912.

ACTION to recover $600 loaned to one Danzig by the plaintiff in consideration of an assignment to him of such an amount out of a balance of $800 to become due said Danzig upon his completion of a certain building, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Ward Church,* for the appellant (plaintiff).

*Benjamin Slade,* for the appellees (defendants).

GEORGE W. WHEELER, J. The defendants, Persky and Asher, on December 22d, 1909, loaned one Danzig $2,800 on a note, secured by first mortgage on certain

premises, and also agreed to loan him $6,000, payable in eleven payments at different stages of construction of a building by Danzig on said premises, and took a note for said $6,000, secured by second mortgage on said premises. Each payment was conditioned upon Danzig furnishing Persky a waiver of lien, signed by all the contractors engaged on the building and by the materialmen who furnished the material for the construction of the building.

Danzig proceeded with the erection of the building, and Persky and Asher paid to him all of the $6,000 loan, except the last payment of $800. Danzig never furnished said waiver, nor demanded payment of said $800.

While the building was uncompleted, there being then no mechanics' liens on said building, Danzig, on June 8th, 1910, borrowed of Lander, the plaintiff, $600 for use in finishing the building, and gave the plaintiff an assignment of $600, payable out of said final payment of $800, notice of which was duly given the defendants.

After June 8th, 1910, mechanics' liens were filed against said premises and remained thereon, when, on September 21st, 1910, Persky and Asher brought an action of foreclosure of said mortgages against Danzig for nonpayment of interest due.

The plaintiff, claiming an interest in said mortgaged premises by virtue of his assignment, procured himself to be made a party plaintiff in the foreclosure action. A decree therein was entered, finding the amount of interest due $528, being the interest to date on the entire loans, including the final payment of $800 never made, and limiting the time for redemption of the several defendants, and ordering possession delivered to the said mortgagees, Persky and Asher, and the present plaintiff.

None of the defendants redeemed, and immediately Persky and Asher filed a certificate of foreclosure of title to said property in the town clerk's office in New Haven, under General Statutes, § 4125, and on said day conveyed the same to Cohen, one of the defendants in the foreclosure proceeding, and received in consideration a note, secured by mortgage on said premises, being for the face of the judgment and costs and interest thereon from its date.

The plaintiff seeks in this action to recover the $600 advanced by him to Danzig, together with interest thereon. In his brief he thus states his claim: "When Persky and Asher caused judgment to be entered for interest on the full face of the loans, they thereby adopted and made a part of their own claim, the $600 advanced by Lander, and the interest thereon. When they recorded a certificate of foreclosure in their names as full owners, and gave a deed in the same way, they thereby caused to exist a resulting trust in Lander's favor."

Upon what legal theory Lander was made a party plaintiff in the foreclosure action brought by Persky and Asher against Danzig, we are unable to conceive. Lander had no interest in the property as lienor or otherwise, and no interest, legal or equitable, in these loans. The assignment to 'him of $600 of the amount due under the last payment never became effective, since its payment was contingent upon the securing of waivers of the mechanics' liens, and these were never obtained. The judgment of foreclosure found $528 due the plaintiff on the debts named in the complaint, and these were debts in which Lander had no interest. It necessarily follows that Lander took absolutely nothing by the judgment of foreclosure. He was neither a necessary nor a proper party plaintiff. The decree of the court could not vest in him an interest in these prem-

ises, any more than it could in any other stranger to the premises.

The inclusion of the interest due on the last payment in the foreclosure judgment was a matter of which the defendants therein might complain, but which in no way concerned Lander. It was not a waiver of the condition upon which the last payment was to become due, nor was it an unconditional acceptance of the $600 assignment.

Since Lander had no interest in the loans, there was no foundation upon which to rest a claim of a resulting trust in his favor in the property foreclosed. No part of the consideration by which Persky and Asher secured title to the property came from Lander, and this would be a prerequisite to a resulting trust in his favor. *Ward* v. *Ward*, 59 Conn. 188, 195, 22 Atl. 149.

The plaintiff called the defendant Asher as a witness, and he, having testified as to the consideration of the transfer to Cohen, was asked if Cohen, as a further consideration, agreed that if Lander's claim was established he would pay it and save Persky and Asher harmless. This question was properly excluded. It was immaterial to the issue; it did not tend to establish the defendants' legal liability to the plaintiff.

There is no error.

In this opinion the other judges concurred.