## THE CASTONGUAY ELECTRIC COMPANY
vs.
## SAMUEL HARRIS, ET AL.

Superior Court          Hartford County          File #33902

Present:  Hon. FRANK P. McEVOY, Judge.

Forward & Daly;
J. J. O'Connor,                    Attorneys for the Plaintiff.

Pallotti & Covello;
Francis A. Pallotti,               Attorneys for the Defendant.

**MEMORANDUM FILED APRIL 20, 1937.**

McEVOY, J.  This action was originally brought on the common counts on December 16, 1927.

On June 13, 1930, a "Bill of Particulars" was filed setting out a claim upon a judgment rendered on September 23, 1927.

An examination of the original file in which the original judgment was entered shows that the judgment was based upon a cause of action against an endorser of a negotiable note and that nowhere in the pleadings in that case was there any item which in any way was based upon any of the common counts.

On April 3, 1937, a "Substituted Complaint" was filed.

This Substituted Complaint, so-called, followed a so-called "Supplemental Bill of Particulars" which was filed on January 25, 1937, and which set out the recovery of the same judgment.

On April 2, 1937, there was a "Motion to Strike from the Files" addressed to the Complaint, Bill of Particulars, and the Supplemental Bill of Particulars.

The use of the common counts is now regulated by the provisions of **Section 5527, General Statutes, Revision of 1930, and section 30, Practice Book, 1934.**

While it was formerly required that the common counts could only be used where one or more of them furnished an **appropriate** general statement of the cause of action, in more recent years the word **"appropriate"** has been omitted.

The use of the common counts is now permitted and limited to "where any of these counts is a general statement of the cause of action".

**Section 5527, General Statutes, Revision of 1930—Section 30, Practice Book 1934.**

"No amendment or substitute can (may ?) be filed in an action begun by the use of that form of complaint (the common counts) unless some one of the counts is a general statement of the cause of action relied upon."

**Farley-Harvey Company vs. Madden, 105 Conn. 679 at 683.**

The motion asks that the "complaint" be stricken from the files.

The "common counts" is not treated as a complaint proper or sufficient to require an answer or to support a judgment by default.

It practically serves the purpose of a summons, giving the plaintiff a limited time after the return of his writ to file his statement of claims. But it is, nevertheless, when used, a complaint under the Practice Act.

The principal effect of the rule (permitting the use of the common counts) is to suspend the penalties attaching to every defective statement of claim, by giving the plaintiff special time within which he may file a proper complaint by way of amendment.

**Dunnett vs. Thornton, 73 Conn. 1, Pages 7, 8.**

A Substituted Complaint setting out an endorsement of a note and implying liability for that reason ". . . . could furnish no basis for a future judgment . . . .".

**Goodrich vs. Stanton, 71 Conn. 418 at 424.**

The Motion to Strike from the Files the Bill of Particulars and Supplemental Bill of Particulars is granted for the reason that neither of them is based upon any count which is a general statement of the cause of action upon which the plaintiff relies.

The Motion to Strike the Complaint, so-called, from the files is denied. The plaintiff is entitled to have it remain as a basis for the filing of any amendment which may properly be filed. If, subsequently, it develops that none of the common counts is a general statement of the plaintiff's real cause of action then the defendant may duly bring that situation to the attention of the Court and have his remedy.