ROBERT J. DICKINSON *v.* BERNICE DICKINSON, EXECUTRIX (ESTATE OF CLYDE E. DICKINSON).

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 5—decided November 30, 1944.

*Robert J. Woodruff*, for the appellant (plaintiff).

*Michael J. Quinn*, with whom, on the brief, was *Kenneth D. Rogers*, for the appellee (defendant).

BROWN, J. The plaintiff brought this action against the estate of his deceased brother Clyde in two counts, claiming under the first damages for services rendered and under the second a declaratory judgment determining the extent and value of his interest in a farm, title to which stood in the name of his brother at the time he died. The court rendered judgment for the defendant. Upon this appeal, the plaintiff concedes that the finding, which is not attacked, precludes recovery upon the first count, but claims that the court erred in rendering judgment for the defendant and in certain rulings on evidence. The gist of the second count of the complaint is that the plaintiff was the owner of an undivided interest in the farm "by reason of the fact that said farm was conveyed to the decedent in the year 1912 as trustee for" both brothers, together with their other brothers and their sisters, and the "decedent, during his lifetime, held said title to said farm as such trustee"; and that the plaintiff's undivided interest in it had not been distributed or partitioned. The defendant's answer, in so far as material, denied that the plaintiff had any interest in the property.

These facts are established by the finding: The plaintiff is seventy-one years of age. In 1885 the Dickinson family, consisting of the plaintiff's father, mother, three brothers and seven sisters and the plaintiff, moved onto the farm in question in Woodbridge which the father had purchased, taking title in his wife's name. The plaintiff, his brother Clyde and two of their sisters lived continuously on the farm all of

the time until Clyde's death on December 5, 1942, and two other sisters part of the time. From the time of their father's death in 1910, Clyde conducted the active operation of the farm. On October 15, 1912, their mother sold it, accepting a $5000 purchase money mortgage back in payment. On November 21, 1912, title to the farm was conveyed by the then owner to Clyde for the agreed price of $7000. Incident to this purchase by Clyde his mother released her mortgage, the unpaid balance of which was $4000, and as a part of the purchase price he executed a first mortgage for $2500 and a second mortgage for $4000 to her. She died in 1913. These mortgages were subsequently acquired by a bank which still holds them. At the time of this conveyance to Clyde, the plaintiff furnished no part of the purchase price. From the time he acquired the farm in 1912 until his death, Clyde operated it as his own and paid all of the taxes and mortgage interest. After Clyde's purchase, the activity and mode of life of the plaintiff and the other members of the family upon the farm continued without change from what it had been before. The plaintiff continued as formerly to make his home on the farm without payment of board or rent and without receiving any wages for anything he did there. He did small jobs about the house and farm, and embarked on some independent agricultural ventures which came to nothing. By his will, Clyde named the defendant executrix and devised the farm in equal shares to four of his sisters, who are still living on it with the plaintiff.

The only material rulings upon evidence assigned as error are the court's exclusion of five questions asked of the plaintiff by his counsel for the avowed purpose of proving that a resulting trust arose for the plaintiff's benefit and for that of the decedent and their brothers and sisters upon the conveyance of the farm

to Clyde in 1912, by virtue of claimed contributions by third parties toward the price paid. The questions were whether, after their mother sold the farm, Clyde said anything concerning it; whether he advanced any money at the time he got the title; whether a Dr. Russell donated any part of the purchase price; whether Clyde made any statement about the title or ownership of the farm; and whether Dr. Russell, upon being asked to help, said that to get the place back into the family he would take a $2500 mortgage. The defendant objected to the evidence as attempting to prove an express trust by parol. Even had the plaintiff been able and been permitted to show, as he claimed he could, that friends and neighbors interested in seeing the family remain in their home made contributions which enabled Clyde to buy back the farm, this could not avail to give rise to a trust in favor of the other members of the family as contended by the plaintiff. A resulting trust, to prove which the evidence was offered, arising out of the payment of consideration for a purchase of land where title is taken in the name of another has its basis in "the natural presumption that a purchase will inure to him who furnishes the purchase price." *Ward* v. *Ward*, 59 Conn. 188, 195, 22 Atl. 149. Circumstances, even oral statements, which accord with the presumption the law raises in such a case are admissible in evidence. *Wilson* v. *Warner*, 84 Conn. 560, 564, 80 Atl. 718. A resulting trust, however, cannot be converted into one for a person other than him who furnishes the purchase price. *Wilson* v. *Warner*, 89 Conn. 243, 246, 93 Atl. 533; *Lander* v. *Persky*, 85 Conn. 429, 433, 83 Atl. 209; *Fox* v. *Shanley*, 94 Conn. 350, 356, 109 Atl. 249. Such a trust, where as in this case it is sought to enforce it as to land, would be an express trust and could not be proved by parol. *Hanney* v. *Clark*, 124 Conn. 140, 144,

198 Atl. 577, and cases cited. So here, where a deed of the fee of land was made, it could not be charged with a trust resting solely in parol.

The claims of error in rendering judgment for the defendant all resolve themselves into the same claim made for the admission of the evidence, that by reason of contributions made by friends and neighbors to assist Clyde in purchasing the farm a trust arose in favor of the other members of the family; but, for the reasons given in discussing the rulings on evidence, there is no foundation for the claim. The court's conclusion that the plaintiff had failed to prove the existence of a trust was fully supported by the subordinate facts.

There is no error.

In this opinion the other judges concurred.