ISADORE PECKEROFF v. HYMAN PECKEROFF

SUPERIOR COURT          MIDDLESEX COUNTY          FILE NO. 9196

Memorandum filed February 13, 1946.

*Leonard O. Ryan*, of Middletown, for the Plaintiff.

*William M. Citron*, of Middletown, for the Defendant.

INGLIS, J.   This action was instituted on the common counts.   The plaintiff has now filed a substituted complaint alleging, in substance, that the defendant holds title to real property in a resulting trust for the plaintiff and praying an injunction compelling a conveyance of the property to the plaintiff, damages and other reli.ef.

None of the common counts is a general statement of the cause of action set up in the substituted complaint.   It is clear, therefore, that the substituted complaint is not a permissible one to be filed in this action.   General Statutes, §5527; *Gallup v. Jeffery Co.*, 86 Conn. 308.

The plaintiff contends that the defendant's remedy would lie in a motion to strike out but does not rest in a demurrer.   It is probably true that the question could properly have been raised on a motion to strike out on the ground that the substituted complaint was improperly filed.   Practice Book, §61; *Goodrich v. Alfred*, 72 Conn. 257.   It does not necessarily follow, however, that such a motion is the exclusive remedy.   The situation is closely akin to one in which there has been a misjoinder of causes of action, and therefore the proper way to meet it is by demurrer.   Practice Book, §100.   The question, moreover, is not only one of procedure.   It is a question of substantive law, i. e., whether the common courts state a course of action which is consonant with what it now appears that the plaintiff is really relying upon.   Such a question is properly raised by demurrer.   *Goodrich v. Stanton*, 71 Conn. 418.

The demurrer is sustained.