ALEXANDER SAMASKO *v.* FRANK J. DAVIS

MALTBIE, C. J., BROWN, JENNINGS, ELLS and O'SULLIVAN, JS.

Argued January 5—decided February 21, 1949

*J. Warren Upson,* with whom was *Kenyon W. Greene,* for the appellant (defendant).

*William K. Lawlor,* for the appellee (plaintiff).

Brown, J. The plaintiff brought this action in two counts to establish a resulting trust on each of two adjoining pieces of real estate in Waterbury, claiming a declaratory judgment, equitable relief and damages as alternative relief. The defendant's answer was a general denial. The court rendered judgment for the plaintiff, adjudging him to be the beneficial owner of both tracts and enjoining the defendant forthwith to convey the title thereof to him. The defendant has appealed.

The defendant has assigned error in nineteen of the thirty-seven paragraphs in the court's finding but assigns no error in its failure to make any substitution from the draft finding. In fact, not only do most of the paragraphs attacked appear in substance in the draft finding but the defendant expressly concedes that there is evidence to support all of the paragraphs found by the court. His claim is, however, that the testimony of the plaintiff and of the defendant is conflicting, that the former's conduct not only fails to corroborate his version of what occurred but in fact corroborates the testimony of the defendant, and that the trial court could not therefore reasonably make the findings complained of, citing *McAuliffe* v. *Russian Greek Catholic Church,* 130 Conn. 521, 534, 36 A. 2d 53, and *Gargan* v. *Harris,* 90 Conn. 188, 189, 96 A. 940. There is no such inconsistency in the evidence essential to support the court's findings as renders them unreasonable within these decisions. None of the findings of fact is subject to correction.

The principal material facts are thus summarized: The plaintiff is the uncle of the defendant, who in 1939 was living with his parents on the first floor of the house at 16 Lafayette Street in Waterbury, the property described in the first count of the complaint. The defendant informed the plaintiff that the city, which

owned the property, would sell at a low price. On the theory that the city would be more willing to sell to a Waterbury resident, and particularly to one of the occupants, than to an outsider, it was agreed that negotiations to purchase the property be carried on in the name of the defendant. After a sale eventually had been arranged, the plaintiff paid the purchase price of $1200 and took delivery of the deed, which named the defendant as grantee. The plaintiff had the deed recorded and has had possession of it ever since. He paid $200 to the broker, who without his knowledge gave $50 of it to the defendant for bringing the customer to him. The defendant's parents continued to occupy the first floor and paid a monthly rent of $15 to the plaintiff until September 1, 1947. In December, 1939, the plaintiff evicted the occupants of the second floor, made extensive alterations and repairs, and since May 30, 1940, has himself occupied it. On June 10, 1940, to settle litigation concerning a claimed easement over the property for the benefit of the land adjoining it on the rear, described in the second count, the plaintiff paid $400 for a deed of the latter. Title to this was also taken in the defendant's name, partly because the owner had so prepared the deed in advance, and partly because the plaintiff thought it would be just as well to have both properties in the same name. The plaintiff has had possession of the deed ever since delivery. He made extensive alterations in this property also. Ever since the purchase of each property he has paid all taxes, water rents, insurance premiums, and for all repairs. On at least three occasions, in response to the plaintiff's suggestion that the defendant transfer the title to him, the defendant promised that he would do so shortly, and not until July, 1947, did he refuse to make the transfer.

The court's conclusion that there was no intention on the part of the plaintiff to make a gift to the defendant is not questioned. Its further conclusions, that the understanding was that the defendant would later transfer the title of both pieces of property to the plaintiff, and that the plaintiff supplied the purchase price of both pieces of property, though challenged, must stand, since they are supported by the subordinate facts, which, as we have said, are not subject to correction. Unless the plaintiff's right to relief is precluded under one of the principles urged by the defendant and discussed below, the court's vital conclusion that the defendant holds the title to both pieces for the benefit of the plaintiff by way of a resulting trust, also attacked, cannot be disturbed. This is because, as the court further properly concluded, when property is purchased in the name of one person but the purchase price is furnished by another, unless there is an understanding to the contrary there arises a resulting trust in favor of the one who furnished the purchase price. *Fox* v. *Shanley,* 94 Conn. 350, 355, 109 A. 249; *Dickinson* v. *Dickinson,* 131 Conn. 392, 395, 40 A. 2d 184; *Ward* v. *Ward,* 59 Conn. 188, 195, 22 A. 149. The defendant claims, however, that upon the facts in this case the court erred in decreeing that the defendant convey title to the plaintiff as beneficial owner under a resulting trust.

His first contention, as stated in his brief, is that the plaintiff "by bringing an action for money loaned to the appellant [defendant] has elected his remedy and cannot thereafter sue for the conveyance of property." These further facts in the finding are pertinent in this connection: On August 5, 1947, the plaintiff employed an attorney to bring suit against the defendant. This he did by an action on a common-counts writ returnable to the Superior Court on the first Tuesday of

September, 1947, claiming $4800 damages. In October, 1947, a substituted complaint was filed in which allegations similar to those in the instant case were set forth and damages in the amount of $7500 were sought. The gist of the allegations is that the plaintiff paid for the land, title was taken in the defendant's name pursuant to the suggestion of the plaintiff that the defendant hold it for him and convey it to him upon request, and the defendant had refused to convey. The first action has never gone to judgment. We have "repeatedly held that a mistaken attempt to pursue a remedy which must necessarily be unavailing does not prevent resort later to an appropriate remedy." *National Transportation Co.* v. *Toquet*, 123 Conn. 468, 479, 196 A. 344; *Abbadessa* v. *Puglisi*, 101 Conn. 1, 6, 124 A. 838; *Taylor* v. *Lounsbury-Soule Co.*, 106 Conn. 41, 60, 137 A. 159; *First National Bank* v. *Broder*, 107 Conn. 574, 585, 141 A. 861; *Munson* v. *MacDonald*, 113 Conn. 651, 661, 155 A. 910.

This earlier action was a "mistaken attempt" within this rule. A common-counts writ issued pursuant to § 5527 of the General Statutes, Rev. 1930 (Rev. 1949, § 7835), does not constitute per se a proper and sufficient complaint but serves as a summons, affording the plaintiff opportunity within a limited time to file his proper complaint after the return day. *Dunnett* v. *Thornton*, 73 Conn. 1, 7, 46 A. 158. The plaintiff's substituted complaint was essential "to show the true nature of his demand." *Goodrich* v. *Stanton*, 71 Conn. 418, 423, 42 A. 74. When this was filed the common counts dropped out of the case. *Hoggson & Pettis Mfg. Co.* v. *Sears*, 77 Conn. 587, 591, 60 A. 133; *Dunn* v. *Foley*, 78 Conn. 670, 671, 63 A. 122. It was the plaintiff's substituted complaint which stated his cause of action in the first suit. Since that was based on assertion of title to the property, as is the present com-

plaint, it is manifest that none of the common counts (Practice Book, p. 125, Form 5) constituted a general statement of the cause of action, as is essential under § 5527. The action was, therefore, ineffectively and improperly brought. *Goodrich* v. *Alfred,* 72 Conn. 257, 260, 43 A. 1041. It could not be other than a "mistaken attempt" within the above rule. There was no election which barred the plaintiff's right to relief in the present action.

The defendant's second contention is that the plaintiff's right to relief is precluded by a lack of clean hands. This is predicated upon the court's further finding that the plaintiff knowingly took advantage of a tax exemption on the property which was allowed to the defendant owner of record as an ex-service man. This claim involves a misconception of the scope of the clean-hands doctrine. Where a plaintiff's claim "grows out of or depends upon or is inseparably connected with his own prior fraud, a court of equity will, in general, deny him any relief, and will leave him to whatever remedies and defenses at law he may have." *Gest* v. *Gest,* 117 Conn. 289, 296, 167 A. 909. That the maxim cannot avail the defendant in this instance is clear; it " 'only applies to the particular transaction under consideration, for the court will not go outside the case for the purpose of examining the conduct of the complainant in other matters or questioning his general character for fair dealing. The wrong must . . . be in regard to the matter in litigation.' " *Lyman* v. *Lyman,* 90 Conn. 399, 406, 97 A. 312. Accordingly, "Though an obligation be indirectly connected with an illegal transaction, it will not thereby be barred from enforcement, if the plaintiff does not require the aid of the illegal transaction to make out his case." *Yale Gas Stove Co.* v. *Wilcox,* 64 Conn. 101, 128, 29 A. 303; *La-*

*France* v. *LaFrance,* 122 Conn. 556, 559, 191 A. 334. That the plaintiff had the benefit of the tax exemption did not affect his present right to relief.

The defendant finally complains of four rulings of the court upon evidence. Three of his exceptions are without foundation since the record shows no answer given to the question allowed over objection. The fourth was to the allowance of testimony by the plaintiff as to his conversation with the defendant in regard to purchasing the property, on the ground that a trust of real estate cannot be proved by parol evidence. This rule does not apply as regards the establishment of a resulting trust. *Wilson* v. *Warner,* 84 Conn. 560, 564, 80 A. 718; *Dickinson* v. *Dickinson,* 131 Conn. 392, 395, 40 A. 2d 184.

There is no error.

In this opinion the other judges concurred.