GENUNG'S, INC. *v.* HELEN M. KOWALSKI ET AL.

CIRCUIT COURT                                    SECOND CIRCUIT
                                     FILE No. CV 2-673-51187

Memorandum filed December 15, 1967

*Abraham I. Gordon,* of Bridgeport, for the plaintiff.

*Roy H. Ervin,* of Fairfield, for the defendants.

WISE, J. This action was instituted on the common counts returnable to this court on the third Tuesday of March, 1967. The defendant John Kowalski, hereinafter referred to as defendant, filed a general appearance. On September 14, 1967, the plaintiff filed a substitute complaint. On Sep-

tember 18, 1967, the defendant filed the instant motion "that the Substitute Complaint filed by the plaintiff be expunged and stricken from the record as same is improperly filed for failure to have an order of the Court granting the filing of said Substitute Complaint as required in Section 132 of the Connecticut Practice Book."

It is conceded that the plaintiff did not file the substitute complaint within ten days after the return day of the writ, nor did it, at any time, apply for or obtain permission of the court to file the substitute complaint. It is therefore inherent in the instant motion, as contended by the defendant, that such an order of the court was necessary since the substitute complaint was not filed within ten days after the return day of the writ as prescribed in § 77 of the Practice Book. It is significant to point out that the defendant, before filing the instant motion, did not file any of a number of motions available to him arising from the fact that the plaintiff did not file either a bill of particulars or a substitute complaint within the aforesaid ten days after the return day. His first move to attack the pleadings was after the filing of the substitute complaint.

"A common-counts writ issued pursuant to . . . [§ 52-113] of the General Statutes . . . does not constitute per se a proper and sufficient complaint but serves as a summons, affording the plaintiff opportunity within a limited time to file his proper complaint after the return day." *Samasko* v. *Davis,* 135 Conn. 377, 382. The plaintiff's substitute complaint was essential to show the true nature of its demand. *Samasko* v. *Davis,* supra; *Dunnett* v. *Thornton,* 73 Conn. 1, 7.

The language of the rule which allows the granting of a motion to strike or expunge and the definite reasons for which such a motion lies are specified in

§ 100 of the Practice Book. See General Statutes § 52-100. The function of such a motion is a very limited one, and the purpose served is rarely a useful one. *State* v. *Hayes,* 127 Conn. 543, 582; *LaFrance* v. *LaFrance,* 127 Conn. 149, 154; *State* v. *Erickson,* 104 Conn. 542, 550. In no case may the question of the existence of a legal right be determined upon a motion to expunge. *Rosenberg* v. *Slavin,* 122 Conn. 304, 306; *Sarcia* v. *T. F. Byrnes, Inc.,* 16 Conn. Sup. 331. Moreover, the court may not summarily pass on the validity or sufficiency of the defense. *Jennings* v. *Parsons,* 71 Conn. 413, 416. Accordingly, it becomes obvious that to grant the instant motion would serve no useful purpose.

The court points out that the instant motion concerns itself only with the late filing of the substitute complaint and not with the substance of the amendment. Accordingly, the court is not called upon to decide whether the common counts state a cause of action which is consonant with what it now appears that the plaintiff is really relying upon, that is, whether the substitute complaint is a permissible one to be filed in this action, which was commenced by common counts. This would be a question of substantive law, to be raised either by demurrer or by a motion to strike. *Goodrich* v. *Stanton,* 71 Conn. 418; *Peckeroff* v. *Peckeroff,* 14 Conn. Sup. 21, 22; *Castonguay Electric Co.* v. *Harris,* 5 Conn. Sup. 91.

As previously indicated, to grant the instant motion would leave the status of the case in a vacuum and would serve no useful purpose. The plaintiff would still be required to file pleadings to state its cause of action.

The defendant could have filed appropriate motions to nonsuit the plaintiff or to compel it to file pleadings when it failed to do so within ten days after the return date. He did not so act. Having

waited until the plaintiff filed a substitute complaint, he waived his right to take advantage of the late filing and in effect consented to such filing. The instant motion, which is predicated upon the ground of late filing, cannot be sustained.

The motion to expunge is denied.